UNITED STATES of America, Appellee,

v.

Alfred SCIVOLA, Jr., Defendant, Appellant.

No. 84–1648.

United States Court of Appeals, First Circuit.

Argued May 9, 1985.

July 2, 1985.

Joseph L. DeCaporale, Providence, R.I., for defendant, appellant.

Edwin J. Gale, Sp. Atty., U.S. Dept. of Justice, Providence, R.I., with whom Jeremiah T. O'Sullivan, Sp. Atty., U.S. Dept. of Justice, Boston, Mass., and Lincoln C. Almond, U.S. Atty., Providence, R.I., were on brief for appellee.

Before CAMPBELL, Chief Judge, VAN DUSEN,* Senior Circuit Judge, and BOWNES, Circuit Judge.

* Of the Third Circuit, sitting by designation.

VAN DUSEN, Senior Circuit Judge.

Defendant, Alfred Scivola, Jr., was convicted of committing perjury in violation of 18 U.S.C. § 1623(a) (1982). The alleged perjury occurred when defendant was testifying in his own behalf while on trial, along with several others, for the offense of receiving stolen property. While testifying, defendant expressly denied having knowledge that certain property he had purchased was stolen. Nevertheless, after testifying and before the jury retired to consider its verdict, he decided to change his plea from "not guilty" to "guilty." The district court accepted defendant's guilty plea, and he was therefore convicted. The Government then brought an indictment against defendant on two counts: (I) conspiracy to suborn perjury and (II) perjury. Following a trial on these two counts, defendant was acquitted on the conspiracy count but convicted on the perjury count.

Defendant filed a timely appeal to this court contending that he was prejudiced by the district court's refusal to try the conspiracy count separately from the perjury count. He further alleges that his guilty plea was an effective recantation of any false testimony he may have given at his stolen-property trial, and that, therefore, his prosecution for perjury was barred under 18 U.S.C. § 1623(d) (1982). We have jurisdiction pursuant to 28 U.S.C. § 1291 (1982). We will affirm defendant's perjury conviction for the reasons stated in this opinion.

I. *Factual History*

In January 1983, defendant was placed on trial, along with his codefendant, Frank Marrapese, for allegedly purchasing one hundred La-Z-Boy chairs that they knew to be stolen. Alfred Smith, the seller of the chairs and the principal Government witness in the trial, testified that he transported the stolen chairs to Rhode Island, where he sold them to the defendant and Marrapese.

Following the conclusion of the Government's case in chief, defendant testified in

his own behalf. He made two false statements while testifying that served as the basis for his subsequent indictment on perjury charges: (1) he stated that he purchased thirty-five chairs, not one hundred as the Government had contended, and (2) he stated that the seller, Alfred Smith, told him that the chairs were salvaged, not stolen.

The only other witness called by the defense was Alfred Smith's brother, William Smith. Prior to the trial, Marrapese had contacted William in an effort to persuade him to give false testimony on behalf of defendant and Marrapese. William notified the Federal Bureau of Investigation (FBI) about his conversations with Marrapese. At the suggestion of the FBI, William then arranged another meeting with Marrapese and Marrapese's attorney, John F. Cicilline. It was this meeting that served as the basis for the indictment of defendant, along with Marrapese and Cicilline, on charges of conspiracy to suborn perjury.

Prior to attending the meeting, William was equipped by the FBI with a body recorder so that the meeting could be tape recorded in its entirety. During the meeting, Marrapese and Cicilline explained that they wanted William to testify, among other things, that his brother Alfred called him in November 1981 and told him that he (Alfred) had sold some chairs to defendant, representing that the chairs were salvaged. If given, this false testimony by William would have corroborated the false testimony given by defendant.

Nevertheless, when called to the stand by defense counsel, William was asked a series of questions designed to elicit this false testimony. To the surprise of defense counsel, however, William did not give the desired answers, but instead testified that he had absolutely no knowledge of any alleged telephone call with Alfred in November 1981.

Following William's testimony, the Government informed defendant that it had made, and was prepared to offer as evidence, its tape recordings of the meeting in which Marrapese and Cicilline attempted to persuade William to give false testimony. At that point, defendant decided to change his plea from "not guilty" to "guilty." The district court accepted his guilty plea on January 27, 1983.

Subsequently, on May 12, 1983, a federal grand jury filed a two-count indictment. Count I charged defendant, Marrapese, and Cicilline with conspiracy to suborn perjury in violation of 18 U.S.C. § 1622 (1982). Count II charged defendant with committing perjury in violation of 18 U.S.C. § 1623 (1982). Following a jury trial on both counts, defendant was acquitted on Count I and convicted on Count II.

### II. *Denial of Motion to Sever*

Defendant alleges that the district court erred by denying his motion to sever count I from count II of the indictment against him. Defendant had requested separate trials for each count. Prior to the commencement of trial, defendant made a motion to sever the counts, claiming that he wanted to testify in his own behalf on the perjury count but not on the conspiracy count. The district court denied the motion, reasoning that defendant had not demonstrated that he would be unduly prejudiced by a single trial on both counts. Nevertheless, the court indicated that defendant could renew his motion to sever at a later time if, during the conduct of the trial, the possibility of prejudice had become more apparent.[1]

---

**1.** In its August 12, 1983, hearing on the motions to sever, the court engaged in the following colloquy with defense counsel:

"MR. BALLIRO: Well, I'm glad to hear that, so am I, Your Honor. I have nothing to add at the present time but I would ask the Court to be mindful of the fact that the nature of a severance motion is such that as time goes on and other things become apparent it may be necessary for us to renew that motion.

"THE COURT: Well, if there are changes in circumstance the Court is mindful that up until a certain point at least one of the nice things about the system is that the Court has the power to undo what it has once done. Mr. Romano."

■ The conspiracy and perjury counts had been originally joined in the same indictment pursuant to Federal Rule of Criminal Procedure 8(a), which provides:

"Rule 8. Joinder of Offenses and of Defendants.

**(a) Joinder of Offenses.** Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Fed.R.Crim.P. 8(a). Joinder was proper under Rule 8(a) because, under the Government's theory, both defendant's perjury and the attempt to persuade William Smith to commit perjury were parts of a common scheme or plan. The Government's theory was that the hoped-for false testimony of Smith was designed to corroborate the false testimony given by defendant, and therefore the subornation of Smith's perjury together with defendant's perjury were part of one plan to commit a fraud upon the court. Certainly, the Government's theory is plausible, even though the jury ultimately found that there was insufficient evidence to implicate defendant in the attempt to suborn Smith's perjury. Thus, the joinder of the two counts was justified.

Notwithstanding the propriety of the initial joinder of the conspiracy and perjury counts in the indictment, defendant argues that he was entitled to a severance of the two counts pursuant to Federal Rule of Criminal Procedure 14. Rule 14 permits such severance upon a proper showing of prejudice. Rule 14 states:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses ... in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts ... or provide whatever other relief justice requires."

Fed.R.Crim.P. 14.

■ It is within the sound discretion of the district court to deny a motion to sever pursuant to Rule 14. On review, this court may reverse a district court's denial of such a motion only if the court has abused its discretion. *United States v. O'Connell*, 703 F.2d 645, 649 (1st Cir.1983); *United States v. Ciampaglia*, 628 F.2d 632, 643 (1st Cir.), *cert. denied*, 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 221 (1980). Reversal of a conviction on the ground that a district court abused its discretion by denying a motion to sever is extremely rare. *United States v. Barrett*, 505 F.2d 1091, 1106 (7th Cir.1974), *cert. denied*, 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975).

■ In order for defendant to successfully challenge the district court's refusal to sever counts I and II, he must make a strong showing that he was prejudiced at trial. *United States v. Bautista*, 731 F.2d 97, 100 (1st Cir.1984); *United States v. Arruda*, 715 F.2d 671, 679 (1st Cir.1983); *United States v. Thomann*, 609 F.2d 560, 564 (1st Cir.1979). Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses, *Drew v. United States*, 331 F.2d 85, 88 (D.C.Cir. 1964); (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof

In denying the motions to sever at this hearing, the court stated:
"I'm mindful of the observations that Mr. Balliro has made, and in which the other defense attorneys have joined, that perhaps as this matter proceeds inexorably towards the trial that other circumstances will come to light which will shed varying illumination on the question of severance, but on the record presently before the Court there is no sufficient showing of prejudice to warrant the Court's intervention under Rule 14. Joinder appears clearly proper under Rule 8 and for those reasons the Court will deny the motion of each of the three defendants to sever Count 1 from Count 2. The objection of each defendant is noted."

would be inadmissible in a separate trial for the second offense, *Baker v. United States*, 401 F.2d 958, 974 (D.C.Cir.1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither, *Cross v. United States*, 335 F.2d 987 (D.C.Cir.1964).

It was this third type of prejudice that defendant claims to have resulted from the district court's refusal to sever the conspiracy and the perjury counts against him. Defendant claims that, because the Government produced no evidence in its case in chief linking him to the effort to persuade William Smith to give false testimony, he believed that he should not testify in his own behalf as to the conspiracy count. Defendant asserts, however, that he wanted to testify in his own behalf regarding the perjury count against him. Nevertheless, defendant claims he ultimately chose not to testify because he believed that his statements and cross-examination regarding his alleged perjury would prejudice him and his co-defendants on the conspiracy count. In essence, defendant claims that the joinder of the conspiracy and perjury counts in the same trial adversely affected his ability to defend himself on the perjury count because it prevented him from testifying in his own behalf on that count.

As authority for his position, defendant relies principally on *Cross v. United States*, 335 F.2d 987 (D.C.Cir.1964), a decision by the United States Court of Appeals for the District of Columbia Circuit. In *Cross*, the court held that the defendant was entitled to a new trial because he had been prejudiced by the joinder of two separate counts of robbery in the same trial. As in this case, the defendant in *Cross* sought a severance of the two counts because he wished to testify as to one robbery—that of a tourist home—but not as to

the other—that of a church. Following the district court's refusal to grant defendant's motion to sever, the defendant chose to take the witness stand anyway, thereby subjecting himself to questioning on the church-robbery count, the one about which he did not want to testify. The defendant's answers on cross-examination were damaging as to the church robbery and he was ultimately convicted on that count. He was acquitted, however, on the count charging him with robbing a tourist home. On appeal, the court in *Cross* held that defendant should be awarded a new trial on the church-robbery count because the district court's refusal to sever the two counts was prejudicial within the meaning of Rule 14. *Id.* at 991.

The facts in *Cross* are distinguishable from those in this case. The defendant in *Cross* chose to testify at his trial notwithstanding the refusal of the district court to grant his severance motion. Thus, by referring to certain of the questions directed at him and his answers, he was able to demonstrate tangibly how his testimony prejudiced him on the church-robbery count. In this case, however, defendant chose not to testify. Thus, the claimed prejudice that he suffered was a result of testimony that he possibly would have given regarding the perjury count—the one for which he was convicted—but that he chose not to give because of its potential effect on the conspiracy count. Yet, to date, defendant has not explained what testimony he would have given and how that testimony would have affected the jury's decision on the perjury count. Thus, any determination that defendant suffered prejudice would be purely speculative on our part.[2]

Moreover, the court that decided *Cross* has subsequently narrowed its view of what constitutes prejudice within the meaning of Rule 14. In *Baker v. United States*, 401 F.2d 958 (D.C.Cir.1968), *cert. denied*,

---

**2.** We also observe that the defendant in *Cross* made a timely renewal of his pretrial motion to sever following the close of the Government's case in chief. *Cross*, 335 F.2d at 988 n. 2. In

this case, however, we can find no evidence in the record that defendant renewed his motion to sever after trial began, even though he was explicitly invited to do so by the district court.

400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970), the District of Columbia Circuit clarified its decision in *Cross*, stating that the mere election of a defendant to testify as to one count in an indictment but not as to another was insufficient to justify a Rule 14 severance. *Id.* at 976. The court stated that a defendant must make a convincing showing that "he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Id.* at 977; *see United States v. Bronco*, 597 F.2d 1300, 1303 (9th Cir. 1979). It is essential, therefore, that a defendant present to the court enough information to demonstrate that the joinder of charges will cause prejudice so that the court may weigh intelligently the considerations of judicial economy against defendant's freedom to choose whether to testify regarding a particular charge against him. *Baker*, 401 F.2d at 977.

In this case, the defendant has not made a sufficient showing that prejudice resulted from the joinder of the conspiracy and perjury counts against him. Because the defendant was acquitted on the charge of conspiracy, he cannot show any prejudice regarding that count. If the defendant was prejudiced at all, such prejudice occurred with respect to the perjury count, on which he was convicted.

Defendant, however, has never stated specifically what testimony he would have given regarding the perjury count that would have exculpated him had he been tried separately on that count. Indeed, on appeal, he argues that his guilty plea in the stolen-property trial served as an admission that he had previously given false testimony at that trial.[3] Thus, it is difficult to imagine what testimony he wished to give regarding the perjury count. Defendant requested that the district court grant him an *in camera* hearing so that he could explain to the court his proposed testimony. Yet, we can find no facts in the record indicating that the defendant ever gave such an explanation. Moreover, the defendant did not renew his pretrial motion to sever during the trial, though the district court had invited him to do so.[4] We therefore hold, as a matter of law, that the defendant failed to make the necessary showing of prejudice required for a Rule 14 severance and that, accordingly, the district court did not err in denying defendant's motion to sever.

## III. *Recantation under Section 1623(d)*

Defendant's next contention on appeal is that the district court erred in denying both his motion to dismiss the perjury count and his motion for reconsideration on the same grounds. Defendant contends that his prosecution for perjury under 18 U.S.C. § 1623(a)[5] was barred as a matter of law.

The Government had alleged that the defendant made two statements during his testimony at the stolen-property trial that were false. These two statements, which served as the basis for defendant's prosecution under section 1623(a), were: (1) that he had purchased only 35 chairs from the seller, and (2) that he did not know the chairs were stolen at the time he purchased

---

3. In this appeal, defendant argues that his prosecution for perjury should have been barred because, by pleading guilty to the charge of receiving stolen property before the conclusion of trial, he had admitted to having given false testimony in time to take advantage of the recantation defense of 18 U.S.C. § 1623(d). *See infra* part III.

4. *See supra,* note 1.

5. Defendant was indicted for committing perjury, in violation of 18 U.S.C. § 1623(a). That section states:

 "**§ 1623. False declarations before grand jury or court**

 "(a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a) (1982).

them. Initially, defendant argues that the first of these two statements was not a proper basis for a perjury conviction because it was not "material."

■ To be punishable under section 1623(a), a false statement must be "material" to the court proceeding in which it is made. *United States v. Goguen*, 723 F.2d 1012, 1019 (1st Cir.1983); *United States v. Finucan*, 708 F.2d 838, 848 (1st Cir.1983). Materiality is a legal question to be decided by the trial court. *United States v. Kehoe*, 562 F.2d 65, 68 (1st Cir.1977); *United States v. Romanow*, 509 F.2d 26, 28 (1st Cir.1975). In this case, the district court determined, as a matter of law, that defendant's statement regarding the number of chairs he had purchased was "material" to the proceeding.[6]

■ Defendant argues that the court's determination was error because the difference between the number of chairs he admitted to having received and the number alleged by the Government was irrelevant to any element of the stolen-property offense for which he was indicted.[7] Nevertheless, the test for materiality is a broad one. *United States v. Byrnes*, 644 F.2d 107, 111 (2d Cir.1981); *United States v. Giarratano*, 622 F.2d 153, 156 (5th Cir. 1980). A statement is material if it is "capable of influencing the tribunal on the issue before it." *Giarratano*, 622 F.2d at 156. The statement need not be material to any particular issue in the case, but rather may be material to any proper matter of the jury's inquiry, *id.*, including the issue of credibility. *United States v. Al-*

*len*, 409 F.Supp. 562, 565 (E.D.Va.1975), *aff'd*, 541 F.2d 278 (4th Cir.1976).

■ In this case, defendant's testimony regarding the number of chairs he purchased was "material," though it was not relevant to the issue of whether the value of the property he purchased satisfied statutory requirements. Rather, the testimony was relevant to the jury's consideration of defendant's credibility, as well as that of the Government's witnesses. Defendant's statement that he received only 35 chairs directly contradicted the testimony of several Government witnesses. If the jury believed this statement, it would have tended to disbelieve some of the testimony given by the Government's witnesses. Thus, the trial court did not err in instructing the jury that this statement was "material" within the meaning of section 1623(a).

Defendant further argues that, assuming the two false statements he made while testifying at his stolen-property trial were "material," he effectively recanted those statements so as to bar his prosecution for perjury under section 1623. Following defendant's testimony in the stolen-property trial, the Government informed him that it had tape recordings of the meeting during which his codefendant, Marrapese, tried to persuade William Smith to commit perjury. At that point, defendant decided to change his plea in the case from "not guilty" to "guilty." Defendant now contends that his guilty plea was an admission that his prior testimony in the trial was false to the extent it contradicted the Government's evidence. Such admission, he argues, was the type of recantation which, under section

6. The court did not permit the jury to determine whether either of the alleged false statements by defendant were material within the meaning of 18 U.S.C. § 1623(a). The court concluded that, as a matter of law, both statements were material. The court stated to the jury:
"When I quoted to you from the statute, paraphrased the statute, I did tell you that the false statements, if they were made, would have had to be material false statements, and then I did not say anything further about materiality. That's because I am satisfied that if the other requirements of the crime of perjury has [sic] been proven beyond a reasonable doubt, and I'm not suggesting either

that they have or have not, that the false statements in question are of the type and kind which as a matter of law would be material."

7. Defendant was indicted for violating 18 U.S.C. § 659, which punishes the receipt of stolen property whose value exceeds $100. Defendant argues that, because the value of 35 La-Z-Boy chairs easily exceeded $100., it made little difference in the case whether the jury found that he had received 35 chairs as he had testified to or 100 chairs as the Government had maintained.

1623(d), bars prosecution for perjury. Section 1623(d) states:

"(d) Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed."

18 U.S.C. § 1623(d) (1982).

 Nevertheless, a mere implicit admission of rendering false testimony does not satisfy the requirements of an effective recantation under section 1623(d). A witness must make an outright retraction and repudiation of prior false testimony. *United States v. D'Auria,* 672 F.2d 1085, 1092 (2d Cir.1982). As this court has stated previously:

"We hold that, for an effective recantation, the accused must come forward and explain unambiguously and specifically which of his answers in prior testimony were false and in what respects they were false."

*United States v. Goguen,* 723 F.2d 1012, 1018 (1st Cir.1983).[8]

 In this case, defendant's entry of a guilty plea did not effectively recant his prior false testimony. During the hearing in which his plea was accepted by the court, defendant admitted that he was guilty, but he did not specifically state that any parts of his testimony were false.[9] Moreover, he did not make any statements giving correct information regarding the number of chairs he had received or his knowledge that the chairs had been stolen.

Thus, defendant's guilty plea was, at most, an implicit admission that he had given false testimony rather than an outright retraction and repudiation, as is necessary for an effective recantation.

 Even if defendant's guilty plea had satisfied the requirements for an effective recantation, defendant made such recantation too late to benefit from section 1623(d)'s bar to prosecution for perjury. The section lists two temporal requirements that must be satisfied in order for a recanting witness to avoid prosecution for perjury: (1) the recantation must be made before the prior false testimony has substantially affected the relevant proceeding, and (2) it must be made before it has become manifest that the falsity of the prior testimony has been or will be exposed. 18 U.S.C. § 1623(d) (1982). Section 1623(d) uses the word "or," implying that only one of the two requirements need be satisfied for a person to take advantage of the section's defense to a perjury charge. Nevertheless, the courts of appeals that have focused on the issue have determined that both requirements must be satisfied in order for the section's defense to apply. *United States v. Denison,* 663 F.2d 611, 615 (5th Cir.1981); *United States v. Moore,* 613 F.2d 1029, 1043 (D.C.Cir.1979), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980); *United States v. Crandall,* 363 F.Supp. 648, 654–55 (W.D.Pa. 1973), *affirmed,* 493 F.2d 1401 (3d Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974). We agree with these courts that, in order for a recantation to effectively bar a prosecution for perjury pursuant to section 1623(d), it must be made both before the false testimony has substantially affected the proceeding and before it has become manifest.[10]

---

**8.** Although *Goguen* outlined the requirements of recanting false testimony that was given before a grand jury, we find no reason why the same requirements should not apply to the recantation of false testimony given at a trial.

**9.** Indeed, during this hearing, defendant's counsel objected to the Government's assertion that defendant's guilty plea was an admission that his testimony at trial was perjurious.

**10.** Section 1623(d) was modeled after section 210.25 of the New York Penal Code, which established a recantation defense to the charge of perjury. *See* H.R.Rep. No. 1549, 91st Cong., 2d Sess. 47–48, *reprinted in* 1970 U.S.Code Cong. & Ad.News 4007, 4023–24; S.Rep. No. 617, 91st Cong., 1st Sess. 150 (1969). The New York Court of Appeals has limited this recantation defense to situations in which the recantation is made "before the body conducting the inquiry

Although it is arguable in this case whether the defendant entered a plea of guilty before his prior false testimony had substantially affected his stolen-property trial, the plea certainly was not entered before it had become manifest that the falsity of his testimony would be exposed.

Once it becomes manifest to a witness that his false testimony has been or will be exposed, he may no longer take advantage of the recantation defense of section 1623(d). *United States v. Denison,* 663 F.2d 611, 617 (5th Cir.1981); *United States v. Swainson,* 548 F.2d 657, 663 (6th Cir.), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977); *see United States v. Clavey* 578 F.2d 1219, 1222 n. 5 (7th Cir.) (in banc) (per curiam) (Swygert, J., dissenting), *cert. denied,* 439 U.S. 954, 99 S.Ct. 351, 58 L.Ed.2d 345 (1978). In this case, defendant chose to plead guilty after he learned that the Government was prepared to introduce into evidence tape recordings of the meeting between his codefendant Marrapese and William Smith, which tended to prove defendant's involvement in the crime for which he was charged. At that point, it had become manifest to defendant that the falsity of his trial testimony had been exposed. The recantation defense was then no longer available to him. We therefore hold that the district court did not err in denying defendant's motion to dismiss and post-trial motion to reconsider on the grounds that prosecution was barred under section 1623(d).

### IV. *Summary*

In summary, defendant has not made a sufficient showing of prejudice to support his claim that the district court abused its discretion in refusing to sever the conspiracy and perjury counts against him. Moreover, defendant did not satisfy the requirements of section 1623(d)'s bar to a perjury prosecution, and therefore the district court did not err in denying defendant's

motion to dismiss or motion to reconsider on those grounds. Accordingly, the judgment of the district court will be affirmed.

---

has been deceived or misled to the harm and prejudice of its investigation, *and* when no reasonable likelihood exists that the witness has learned that his perjury is known or may become known to the authorities." *People v. Ezaugi,* 2 N.Y.2d 439, 161 N.Y.S.2d 75, 78, 141

N.E.2d 580, 583 (1957) (emphasis added). Congress has never deviated from its original position that the New York law of recantation was to be incorporated into section 1623(d). *United States v. Moore,* 613 F.2d 1029, 1042 (D.C.Cir. 1979).