**UNITED STATES of America**

**v.**

**Levell L. MATTHEWS.**

**No. 1:11–cr–00227–JAW.**

United States District Court, D. Maine.

April 12, 2012.

James L. McCarthy, Office of the U.S. Attorney, Bangor, ME, for Plaintiff.

Joseph M. Bethony, Gross, Minsky & Mogul, P.A., Bangor, ME, for Defendant.

## ORDER ON MOTION TO DISMISS OR SEVER

JOHN A. WOODCOCK, JR., Chief Judge.

Facing three firearms charges and one marijuana possession charge, the Defendant seeks an order dismissing the superseding indictment for improper joinder of the firearms and drug counts and, in the alternative, seeks an order severing the firearms and drug charges for trial. The Court rejects the Defendant's motion, concluding that joinder is proper and that the firearms and drug charges do not require separate trials.

## I. STATEMENT OF FACTS

On December 14, 2011, a federal grand jury indicted Levell L. Matthews for possessing a firearm after having been convicted of being a felon and for possessing marijuana. *Indictment* (Docket # 15). On January 12, 2012, a federal grand jury issued a superseding indictment, adding the charge of engaging in a conspiracy to make false statements to a federally-licensed firearms dealer to attempt to acquire a firearm. *Superseding Indictment* (Docket # 28).

On February 10, 2012, Mr. Matthews moved to dismiss or sever count two of the superseding indictment, possession of marijuana. *Def.'s Mot. to Dismiss Count Two of the Superseding Indictment or, in the Alternative to Sever Count Two* (Docket # 41) (*Def.'s Mot.*). The Government filed its opposition to the motion on February 28, 2012. *Gov't's Resp. to Def.'s Mot. to Dismiss Count Two of the Superseding Indictment or, in the Alternative, to Sever Count Two* (Docket # 45) (*Gov't's Opp'n*). Mr. Matthews replied on March 13, 2012. *Def.'s Reply to Gov't's Resp. to Def.'s Mot. to Dismiss Count Two of the Superseding Indictment or, in the Alternative, to Sever Count Two* (Docket # 46) (*Def.'s Reply*).

On March 15, 2012, a federal grand jury issued a second superseding indictment, rearranging the counts and adding two more felon in possession charges. *Second Superseding Indictment* (Docket # 47). As it currently stands, the operative indictment against Mr. Matthews contains five counts.[1] Count One of the superseding indictment alleges that beginning October 26, 2011 and continuing to December 6, 2011, Mr. Matthews conspired with co-conspirators to make false statements to a licensed federal firearms dealer in connection with the acquisition of a firearm. *Id.* at 1–3. Counts Two through Four of the indictment further allege that Mr. Matthews was convicted on January 15, 2009 of criminal sale of a controlled substance, a felony under New York State law and that, having been so convicted, on October 26, 2011, Mr. Matthews possessed a Smith & Wesson revolver and a Romarm rifle, on November 9, 2011, a Taurus .45 caliber pistol, and on December 6, 2011, the same

---

**1.** The parties have not supplemented their filings following the second superseding indictment, the legal arguments being equally applicable to the newest charging instrument.

The Court altered the language in the memoranda, where appropriate, to reflect the new counts and numbering.

Taurus pistol, all in violation of 18 U.S.C. § 922(g)(1). *Superseding Indictment* at 3–5. Count Five alleges that on December 6, 2011, Mr. Matthews knowingly and intentionally possessed a quantity of marijuana in violation of 21 U.S.C. § 844. *Id.* at 1–2.

## II. THE PARTIES' POSITIONS

### A. The Defendant's Motion

Mr. Matthews first says that Count Five, the marijuana count, was improperly joined with Counts One through Four, the firearms counts. *Def.'s Mot.* at 2–4. He cites Rule 8(a) as limiting joinder of separate crimes unless they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." *Id.* (quoting FED. R.CRIM.P. 8(a)). Mr. Matthews quotes *United States v. Taylor*, 54 F.3d 967 (1st Cir.1995), as setting forth the proper considerations for whether counts have been improperly combined for trial: "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *Def.'s Mot.* at 2–3 (quoting *Taylor*, 54 F.3d at 973).

Mr. Matthews argues that the firearms and marijuana charges involve different statutes, distinct victims, different locations, and varied modes of operation. *Def.'s Mot.* at 3. The sole common factor, according to Mr. Matthews, is "a bare temporal relationship." *Id.* He contends that "judicial economy would not serve to keep Count [Five] joined to Counts One [through Four]" because there is "no substantial overlap in evidence between these sets of counts." *Id.* at 4. Moreover, he asserts that, absent joinder, evidence of the firearms counts would not be admissible in the marijuana count and vice versa. *Id.*

He notes that Rule 14(a) provides relief from prejudicial joinder. *Id.* at 4–5 (citing FED.R.CRIM.P. 14(a)). Even if the counts were properly joined, he urges the Court to order separate trials. *Def.'s Mot.* at 4–5. Because in his view his marijuana possession would be inadmissible in his firearms trial and vice versa, he maintains that the Court should sever the firearms and marijuana counts for trial to avoid prejudice to the Defendant. *Id.* at 5.

### B. The Government's Response

The Government has a different view. It explains that on December 6, 2011, Mr. Matthews retrieved $300 from his sock and gave it to his co-conspirator to purchase a firearm for him. *Gov't's Opp'n* at 1. According to the Government, as Mr. Matthews waited outside, the co-conspirator went into a local pawn shop with Mr. Matthews's cash in hand and emerged with a new Taurus pistol for Mr. Matthews. *Id.* Mr. Matthews was immediately arrested and during a search incident to arrest, the police located a baggie hidden in his underwear containing a small amount of marijuana.[2] *Id.* As Mr. Matthews was being taken to jail, he told the police he had about $4,000 in cash in his sock; upon search, the police found $3,700 in his sock. *Id.*

In contrast with Mr. Matthews, the Government views the firearms and marijuana

---

2. Although the Government does not specify the quantity in its brief, the Defendant's Reply states that Mr. Matthews was found in possession of 4.3 grams of marijuana. *Def.'s Reply* at 5 ("In the context of a firearms-only case, the Government states that evidence of the firearm could be utilized to show Mr. Matthews's 'motive to protect his drugs,' all 4.3 grams").

offenses as related. *Id.* at 2–3. It notes that the First Circuit construes the "same or similar character" language in Rule 8(a) "generously" in favor of joinder. *Id.* (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir.1996)). It claims that the firearms charges and the marijuana possession charge were connected and are part of the Defendant's common scheme or plan. *Id.* at 2. Furthermore, the Government asserts that the trial of the firearms and marijuana counts would involve the same witnesses, the same time period, and much of the same evidence. *Id.* at 3.

The Government notes that the Defendant bears the burden, under Rule 14(a), of demonstrating that a consolidated trial would result in such great prejudice to the Defendant that failure to sever would constitute an abuse of discretion. *Id.* at 3. Here, the Government contends that First Circuit case *United States v. Boulanger*, 444 F.3d 76 (1st Cir.2006), supports the trial of a firearms and drug charge in the same trial. *Gov't's Opp'n* at 4–5. The Government disputes the Defendant's claim that his marijuana possession would not be admissible if the firearms counts were separately tried. *Id.* at 11. It says that the trial evidence will reveal that Mr. Matthews "picked out and ordered the firearm, paid in advance for the firearm, rode to the pawnshop with the person he paid to purchase the firearm, brought the drugs with him to the pawnshop, had the drugs on him when the purchased firearm was brought into the vehicle in which he was sitting and had the drugs on him when he was arrested and searched almost immediately thereafter." *Id.* at 10. The Government argues that if the firearms counts were tried separately, his possession of marijuana would be admissible to show evidence of motive, and a drugs-only trial would allow evidence of the firearms

violations to provide context for the law enforcement search and arrest. *Id.* at 11.

## C. The Defendant's Reply

In reply, Mr. Matthew's disputes that the firearms and marijuana counts have any similarity. *Def.'s Reply* at 1. He says that the two are linked only by "bare coincidence." *Id.* He maintains that the cases where firearms and drug charges are tried together typically involve "large quantities of controlled substances by alleged drug traffickers" that are not present here. *Id.* Mr. Matthews concedes that in such cases, a firearm is deemed a "tool of the trade" for drug dealers, but he argues that this logic cannot extend to his possession of a small amount of marijuana. *Id.* at 4. He also contends that if the marijuana possession charge were tried separately, the Government would not have to explain why he was arrested, so long as the jury was informed that he was arrested "on other, unrelated charges." *Id.* at 6.

## III. DISCUSSION

### A. Joinder

■ Rule 8(a) provides:

The indictment ... may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED.R.CRIM.P. 8(a). As the *Randazzo* Court wrote, "Rule 8(a)'s joinder provision is generously construed in favor of joinder." 80 F.3d at 627. The First Circuit has also noted that " 'similar' does not mean 'identical.' " *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir.2002). The test for assessing the similarity of joined counts is "how the government saw its case at the time of indictment." *Id.* (citing

*United States v. Edgar,* 82 F.3d 499, 503 (1st Cir.1996)). At the same time, the First Circuit has observed that the conditions for a Rule 8(a) joinder "are not infinitely elastic." *Randazzo,* 80 F.3d at 627.

The mere combination, in a single indictment, of firearms and drug-related counts is unremarkable and not grounds for dismissal. *See, e.g., Melendez,* 301 F.3d at 31 (affirming trial court's denial of motion to sever where indictment alleged firearm and drug counts stemming from handgun and cocaine base found in different locations within defendant's bedroom). Indeed, in *Melendez,* the First Circuit upheld the simultaneous trial of drug and firearms counts when the police began with a drug investigation and ended up discovering a handgun. *Id.* Here, the police began with a firearms investigation and, in the course of his arrest, found drugs on the defendant. From the Court's perspective, the sequencing does not create a Rule 8(a) distinction.

■ Confronted with this authority, Mr. Matthews seeks to distinguish his case by asserting that his drug possession charge is piddling in comparison to the large quantities of illegal drugs in the cases cited by the Government. *Def.'s Reply* at 4–6. In short, he sees a difference between possession of drugs and possession of a sufficient quantity of drugs to give rise to an inference of distribution. *Id.* at 4. It is true that the drug quantities in some of the cited cases were substantially larger than the drugs found hidden in Mr. Matthews' underwear, but his possession of 4.3 grams of marijuana was not *de minimis.* *Def.'s Reply* at 5. The grand jury charged him with a violation of 21 U.S.C. § 844(a) and alleged that an enhanced penalty applies. *Superseding Indictment* at 5 ("[i]n violation of Title 21, United States Code, Section 844, and specifically the enhanced sentencing provisions of Section 844").

Thus, Count Five charges a Class E crime with a mandatory minimum period of incarceration of 15 days and a maximum of 2 years, a mandatory minimum fine of $2,500, a maximum fine of $250,000, the reasonable costs of investigation and prosecution, supervised release of not more than one year, and imprisonment for a period not to exceed one year for each violation of supervised release. *See* 21 U.S.C. § 844; 18 U.S.C. §§ 3559(a)(5), 3571(b)(3), 3583(e)(3), 3583(h). This range of penalties suggests that the possession itself was more significant than Mr. Matthews allows.

In any event, Rule 8(a) does not require such fine distinctions. The relationship between drugs and guns is too well known to require discussion. Here, the Government has explained how it "saw its case at the time of indictment": as his co-conspirator went into the pawn shop to buy him a gun, Mr. Matthews sat in a motor vehicle outside the shop hiding just under $4,000 in his sock and marijuana in his underwear. *Melendez,* 301 F.3d at 35. Unlike the marijuana, there is nothing inherently illegal about carrying $3,700 in cash, but Mr. Matthews was hiding both on his body. Why?

To state the obvious, someone who keeps on his person a large amount of cash and any amount of drugs must be alert to their forcible removal. The Government's theory is that he was hiding the cash for the same reason he was hiding the marijuana: fear of theft. Thus, from the Government's perspective, he wanted the gun for the same reason he was hiding the cash and the drugs: a firearm is a most convincing response to those who would otherwise help themselves. This theory is plausible and counsels in favor of joinder. *See United States v. Scivola,* 766 F.2d 37, 41 (1st Cir.1985) (finding joinder under Rule 8(a) proper where Government's theory

that two charges were part of a common scheme or plan was "plausible," even though jury later acquitted on one charge).

The Court concludes that these crimes are sufficiently related to allow the Government to charge these crimes together without violating Rule 8(a).

### B. Severance

■ Rule 14 provides:

> If the joinder of offenses ... in an indictment ... or a consolidation for trial appears to prejudice a defendant ..., the court may order separate trials of counts ... or provide any other relief that justice requires.

FED.R.CRIM.P. 14(a). The issue is "whether the joinder is prejudicial under Rule 14," *United States v. Osman*, 697 F.Supp.2d 161, 163 (D.Me.2010), which falls "within the sound discretion of the district court," *Scivola*, 766 F.2d at 41. *See also United States v. Perkins*, 926 F.2d 1271, 1280 (1st Cir.1991). In the words of the First Circuit:

> Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

*Scivola*, 766 F.2d at 41–42 (internal citations omitted).

■ Here, Mr. Matthews makes no conflicting defense claim and asserts no Fifth Amendment problem. *Cf. United States v. Kinsella*, 530 F.Supp.2d 356, 364–66 (D.Me.2008). He presses only the assertion that evidence of the firearms conspiracy would not be admissible in the drug possession case and vice versa. *Def.'s Mot.* at 5; *Def.'s Reply* at 5–6. Mr. Matthews contends that to admit evidence of firearms in the drug trial or drugs in the firearms trial would run afoul of Rule 404(b)'s protection from improper use of evidence of prior wrongs. *Def.'s Mot.* at 4 (citing FED.R.EVID. 404(b)).

Mr. Matthews's claim that evidence of marijuana and firearms would not be admissible is incorrect. Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED.R.EVID. 404(b). Although such evidence is not admissible to prove a defendant's character or criminal propensity, "it may be admissible for other purposes that do not involve character." *United States v. Candelaria–Silva*, 162 F.3d 698, 703–04 (1st Cir.1998). For example, evidence of firearms is routinely admissible in drug trafficking cases, as is evidence of drug trafficking in firearms cases. *See, e.g., United States v. Torres–Rosario*, 658 F.3d 110, 114 (1st Cir.2011) (affirming admission of evidence of uncharged drug crime in firearms trial, noting that such evidence may be relevant to motive).

Of course, if the drug and firearms charges are tried together, evidence of firearms and marijuana would be admissible to prove the firearms and drug charges and to that extent would not be subject to Rule 404(b). *See United States v. Mangual–Santiago*, 562 F.3d 411, 425 (1st Cir. 2009) ("Rule 404(b) applies just to evidence of *other* bad acts or crimes—those other than the crime charged. Where evidence

of 'bad acts' is direct proof of the crime charged, Rule 404(b) is, of course, inapplicable"). As the Government points out, if the cases are tried separately, evidence of each crime will likely be admissible in each trial because the marijuana may explain Mr. Matthews's motives and involvement in the firearms charges and the firearms charges may place Mr. Matthews's marijuana possession in context.

Although Mr. Matthews vigorously contends that the minuscule amount of marijuana in his underwear would make his possession inadmissible (in contrast to an amount that would support a trafficking charge), his argument is one of evidentiary weight, not admissibility. At the trial of this case, the Government would have the right to present evidence of his marijuana possession and to argue that it reveals the motivation behind his alleged participation in the firearms crimes. Mr. Matthews has the right to argue to the jury what he has argued here: that the amount of the marijuana is so trifling it explains nothing. But it is highly unlikely that Mr. Matthews would be able to convince the Court at trial that the probative value of evidence of his marijuana possession "is substantially outweighed by a danger of . . . unfair prejudice," and therefore succeed in keeping it out entirely. FED.R.EVID. 403; *see also Torres–Rosario*, 658 F.3d at 114 (noting trial court's authority to "screen out" unduly prejudicial evidence).

If the Court is convinced there is a danger that the jury will use evidence improperly to conclude that the defendant is a person of bad character, the Court may issue a limiting instruction to the jury. *See Mangual–Santiago*, 562 F.3d at 426 (addressing a limiting instruction). Thus, the risk of prejudice from evidence

of Mr. Matthews's prior conviction and the marijuana found during his arrest in the instant case may be addressed at trial.

## IV. CONCLUSION

The Court DENIES Levell L. Matthews's Motion to Dismiss Count Two of the Superseding Indictment or, in the Alternative, Sever Count Two (Docket # 41).[3]

SO ORDERED.

---

**3.** "Count Two" in the Defendant's motion references the possession of marijuana charge, which is now Count Five in the operative indictment. *Compare Def.'s Mot.* at 3 *with Second Superseding Indictment* at 5.