968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Keith ARTHUR, Defendant-Appellant.
 No. 91-5314.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1992.
 
 Before JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant, Terry Keith Arthur, appeals his conviction and his sentence for armed bank robbery and use of a firearm during a violent felony. For the reasons that follow, we affirm both the conviction and the sentence entered.
 
 I.
 
 2
 On March 9, 1988, the first of the two robberies for which Arthur was convicted in this case occurred. At approximately 3:00 p.m., a man walked up to Regina Key, a teller, at a First American National Bank in Knoxville, Tennessee, and handed her a note. The note demanded money in $20, $50, and $100 bills only, and warned her that the robber had a police scanner and a gun. Although she did not see the gun, Ms. Key noted that the robber's left hand stayed in his pocket. Believing his claim, being frightened and intimidated, Ms. Key handed him $791.00.
 
 
 3
 The second of the robberies occurred on April 25, 1988, at a Merchants Bank in Cleveland, Tennessee. At approximately 1:00 p.m., a man approached Betty Sue Gibson's teller window carrying a red bank bag and a gun. As he pointed the gun at her, money was demanded. Ms. Gibson gave him $3,654.00, which he placed in the bag. Another bank employee, Diana Hancock, fled behind the robber as he was leaving. She never saw him straight on, but was able to observe his getaway vehicle.
 
 
 4
 Both Ms. Key and Ms. Gibson described the robber as being a white male, around 5'7", unkempt, with longish hair, a beard, and a moustache, who was wearing eyeglasses, a ball cap, and a blue jacket. Ms. Gibson and Ms. Hancock believed that the defendant might also have been wearing a wig. Ms. Hancock described the car in which he left the Merchants Bank as an older, two-tone model with primer paint on it.
 
 
 5
 According to the testimony of Officer Robert O'Brien, on November 4, 1988, in Benton Harbor, Michigan, he pulled over a 1977 Mercury Cougar for traffic violations. The driver, although operating at that point under his alias, Doug Stivers, was Arthur, and the two passengers were Larry Fields--who later pled guilty to aiding and abetting the defendant in the robberies at issue--and Ricky Arthur. Upon noticing two open cans of beer and hearing a police scanner, Officer O'Brien arrested the defendant for transporting open liquor in a motor vehicle and for operating a police scanner while operating a motor vehicle. He thereafter obtained consent to search the vehicle from the defendant. The search turned up several wigs, a police scanner, a .32 caliber revolver, a red bank bag, and cash in $100's, $50's, and $20's. The defendant claimed ownership of all of these items. A later search turned up a blue jacket as well.
 
 
 6
 The defendant was taken into custody at the Berrian County Jail. He mentioned that he might have information on the above-mentioned robberies, and others, that the FBI would be interested in. Agent Roy Johnson met Arthur at the jail to discuss this information. Before he would discuss the robberies, Arthur sought to clarify the position of the United States Attorney in Tennessee with respect to sentencing. Agent Johnson made an inquiry and passed along to Arthur the message that for multiple bank robberies he would have to serve from 20 to 25 years. Johnson testified that the defendant "declined" this offer, cursing, and saying that 25 years would be a life sentence for him, a 40-year-old heavy smoker. He refused to make any additional statements.
 
 
 7
 The FBI investigation uncovered more evidence that Stivers/Arthur was the robber. A picture taken of the robber in the Merchants Bank was shown around in the community in which Arthur and his wife lived. Three people from that area identified the man in the photograph as the defendant, known to them as Doug Stivers.
 
 
 8
 On December 6, 1988, a woman who identified herself a the defendant's sister called the FBI, asking that the agent revisit Arthur at the jail. Johnson did so, advising the defendant again of his Miranda rights, and at that time received a confession from the defendant of his involvement in the two robberies at issue in this case.
 
 
 9
 On July 31, 1990, Arthur was indicted by the United States Grand Jury for the Eastern Division of Tennessee for the robberies of the First American National Bank in Knoxville and the Merchants Bank in Cleveland, Tennessee. The indictment consisted of three counts: the first two charged Arthur with the two robberies and the third charged him with using a handgun during a violent felony in violation of 18 U.S.C. § 924(c) (1988).
 
 
 10
 Trial was set for February 20, 1990. The day before trial, the defendant made a motion for severance of counts, claiming he would suffer prejudice if he were tried for both robberies at the same time. The district court denied this motion. The trial proceeded as scheduled, and two days later, the jury returned a verdict of guilty on all three counts. Arthur was then sentenced on March 5, 1991, to 96 months on each of the first two counts, to run concurrently, and ten years on the firearm conviction, to run consecutively. The defendant argued that he should receive a two point reduction of his offense level for acceptance of responsibility. The court declined to grant the reduction, finding that the defendant had not done enough towards acceptance to merit the lowered offense level. The defendant filed a timely notice of appeal on March 12, 1991.
 
 II.
 
 11
 Arthur raises five issues in this appeal. He charges that the district court erred in: (1) denying his motion for severance of counts; (2) allowing certain testimony to be presented to be heard by the jury; (3) admitting testimony regarding his conversations with Agent Johnson; (4) allowing identification testimony regarding the photo taken of the Merchant's Bank robber; and (5) refusing to grant him a two-point reduction under the sentencing guidelines for acceptance of responsibility. We address each of these issues briefly in turn.
 
 A.
 
 12
 The defendant argues that he was prejudiced by the district court's refusal to try him separately for the two robberies. A trial court's decision not to grant a motion for severance of counts is reviewed by this court under an abuse of discretion standard. United States v. Gallo, 763 F.2d 1504, 1524-25 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986); United States v. Williams, 711 F.2d 748, 750 (6th Cir.), cert. denied, 464 U.S. 986 (1983). For the defendant to establish that the trial court abused its discretion in denying his motion for severance of counts, he must make a strong showing of prejudice. Gallo, 763 F.2d at 1525. That some potential for jury confusion exists is not enough; this potential must be balanced against and outweigh the need for speedy and efficient trials. United States v. Swift, 809 F.2d 320, 322 (6th Cir.1987).
 
 
 13
 The defendant argues that Count I (the Knoxville robbery) should not have been tried with Counts II and III (the Cleveland, Tennessee robbery and firearm violation) because the offenses were not the same or similar, nor did they arise out of the same transaction. He further argues that, as a result of the counts being tried together, the jury was more likely than not to infer criminal disposition. We do not find the facts of this case any more compelling than those in United States v. McCoy, 848 F.2d 743 (6th Cir.1988), in which a similar claim, on similar facts, was raised and rejected. See id. at 744-45. Moreover, Arthur's claim that the two offenses are not similar essentially because a gun was not used in the first robbery (despite the fact that his note threatened that he had one) is patently absurd. We hold, as did the McCoy court, that the defendant has made no specific showing of prejudice, and that his general allegations are less weighty than the need for judicial economy and efficiency. See id.
 
 B.
 
 14
 Next, the defendant charges as error that the district court allowed certain statements to be made during the course of the trial that he believes were irrelevant and extremely prejudicial. These statements included: 1) the prosecution's statement during opening that Arthur was an escapee from the Florida penal system; 2) testimony regarding prior crimes committed by the defendant; and, 3) testimony of the effect of the robberies upon the victim tellers.[1]
 
 
 15
 This claim is without real merit. It is clear upon a review of the record that all of the complained of statements were properly admitted, relevant, and/or not prejudicial. Briefly, regarding the prosecutor's opening statement, the district court pointed out during the jury charge that such statements are not evidence. The second complaint, that evidence of his prior crimes was improperly admitted into evidence, is invalid; the evidence complained of was his own testimony, in a previous trial, that he had committed a series of bank robberies, including the two at issue in this case. As an admission, his testimony is admissible under Federal Rules of Evidence, Rule 801(d)(2)(A). The defendant's final complaint is an objection to the admission of evidence of the impact of the robberies on the tellers who were robbed. The government points out that to show that defendant had violated 18 U.S.C. § 2113(a), it had to prove that "the defendant knowingly and deliberately said or did something that would cause a reasonable person under those circumstances to be fearful of bodily harm." J.A. at 107.
 
 
 16
 The standard under which we must review this issue is an abuse of discretion standard. Absent a showing of clear abuse of discretion, a reviewing court will not reverse a trial court's decision to admit or exclude evidence on the basis of relevancy, unfair prejudice, or confusion of the issues. Zamlen v. City of Cleveland, 906 F.2d 209, 215 (6th Cir.1990). The district court clearly did not abuse its discretion in admitting any of the contested evidence.
 
 C.
 
 17
 Next, Arthur raises the argument that the district court erred in allowing testimony concerning his conversations with Agent Johnson. We do not reach the merits of this question. The government argues correctly that the defendant did not preserve this issue for appeal in that he did not timely raise it before the trial court. See Fed.R.Crim.P. 12(f). Although the defendant raised an issue related to the same facts before the trial court, it was based on a different legal ground. The trial court never had the opportunity to consider the claim the defendant is making now: that his statements to Agent Johnson were inadmissible because they were made in the course of plea discussions. Thus, the issue has not been preserved and we may not consider it.
 
 D.
 
 18
 The defendant's next challenge is to the trial court's admission of testimony identifying him as the person displayed in the picture as the robber, because, he claims, the identification was based upon a highly suggestive procedure. The Supreme Court in Simmons v. United States, 390 U.S. 377 (1968) held that due process is violated where an identification process is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Id. at 384; see United States v. Hamilton, 684 F.2d 380, 383 (6th Cir.1982). We consider this question under the totality of the circumstances. Hamilton, 684 F.2d at 383. The defendant alleges that because the identifying witnesses--neighbors of his--were first questioned about him and then shown the picture from the robbery, it was inevitable that they would identify him as the person in the picture.
 
 
 19
 Whatever concern this claim might otherwise cause is diminished, if not erased, by the fact that the record does not support the defendant's claim that the procedure actually took place in a suggestive manner. Arthur cites to the testimony of three witnesses as support for his contention that they were first asked about "Doug Stivers" and then shown the picture of the robber. Nothing in their testimony, that we can discover, even hints that the FBI interviews proceeded in that manner. Finding no basis in the record for the defendant's claim that the process was "highly suggestive", we cannot hold that the FBI violated the Simmons standard.
 
 E.
 
 20
 The last of the defendant's claims is that the district court erred in denying him a two-point reduction in his offense level for acceptance of responsibility. We review the factual findings of a sentencing court under the United States Sentencing Guidelines for clear error. 18 U.S.C. § 3742(e); United States v. Duque, 883 F.2d 43, 44-45 (6th Cir.1989). Without a showing of clear error, the decision of whether to award a reduction for acceptance of responsibility should be left to the trial court. United States v. Saenz, 915 F.2d 1046, 1047 (6th Cir.1990). As this court stated in United States v. Wilson, 878 F.2d 921 (6th Cir.1989),
 
 
 21
 [b]ecause the trial court's assessment of a defendant's contrition will depend heavily on credibility assessment, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area. Indeed, the guidelines specifically state that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."
 
 
 22
 Id. at 923 (quoting United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989)).
 
 
 23
 The district court found that the defendant had never apologized for any of his acts or showed remorse. The district court further found that the admissions that defendant Arthur would characterize as an acceptance of responsibility did not, upon closer scrutiny, constitute such at all. In an earlier trial involving another series of bank robberies, Arthur testified to having been inside a bank with a gun. The district court found that not only was this testimony motivated by a desire to protect his co-defendant brother, it was untrue. Moreover, in the instant case, Arthur attempted to suppress the admissions he made to Agent Johnson. For these reasons, the district court found that Arthur did not demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal acts for which he was charged in the instant case. We cannot say that the district court clearly erred in its conclusion.
 
 III.
 
 24
 For the foregoing reasons, the defendant's conviction and sentence are AFFIRMED.
 
 
 
 [1]
 Arthur also mentions the cumulative effect of the "misjoinder"--the district court's denial of his motion to sever Count I from Counts II and III--but as Part II.A disposes of that issue, we need not address it again