UNITED STATES of America,
Plaintiff,

v.

Shannon BENSON, Defendant.

Case No. CR–3–01–014(1).

United States District Court,
S.D. Ohio,
Western Division.

March 7, 2002.

Mona Guerrier, Dayton, OH, for Plaintiff.

Clyde Bennett, II, Cincinnati, OH, for Defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO SEVER (DOC. # 42)

RICE, Chief Judge.

The Defendant is charged in the Indictment (Doc. # 16) with six counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and six counts of using and carrying a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c)(1). These charges arise out of six separate incidents. For each incident, the Defendant is charged with one count of bank robbery and one count of using and carrying a firearm while committing a crime of violence. This case is now before the Court on the Defendant's Motion to Sever (Doc. # 42), with which he requests that the Court afford him six separate trials, with each trial focusing on the offenses that arise out of a particular incident. Under the Defendant's proposal, the Court would conduct separate trials on Counts 1 and 2, Counts 3 and 4, Counts 5 and 6, Counts 7 and 8, Counts 9 and 10, and Counts 11 and 12.[1] The Defendant initially argues that the Court must sever the charges against him, because they were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. Alternatively, the Defendant requests, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, that the Court order separate trials in order to avoid prejudice. As a means of analysis, the Court will initially address the Defendant's argument concerning misjoinder under Rule 8(a), following which it will turn to his request for separate trials under Rule 14.

■ Rule 8(a) provides:

(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

The Government argues that the six counts of bank robbery were properly joined under Rule 8(a), because they are "of the same or similar character." In *United States v. McCoy,* 848 F.2d 743, 744 (6th Cir.1988), the Sixth Circuit concluded that two counts of bank robbery were properly joined under Rule 8(a), because they were "of the same or similar character." *Accord, United States v. Mackey,* 117 F.3d 24, (1st Cir.), *cert. denied,* 522 U.S. 975, 118 S.Ct. 431, 139 L.Ed.2d 331 (1997); *United States v. Gough,* 1999 WL 183474, 173 F.3d 857 (6th Cir.), *cert. denied,* 528 U.S. 852, 120 S.Ct. 132, 145 L.Ed.2d 112 (1999); *United States v. Arthur,* 1992 WL 159792, 968 F.2d 1216 (6th Cir.1992). Based upon the foregoing authority, this Court concludes that the offenses with which the Defendant is charged were "of the same or similar character." Accordingly, this Court concludes that the counts were properly joined under Rule 8(a).[2]

■ When counts of an indictment are appropriately joined under Rule 8(a), a

---

1. The Defendant does not challenge the propriety of joining the count of bank robbery to the count of using and carrying a firearm while committing a crime of violence, arising out of the same incident.

2. In his motion, the Defendant argues that the charges against him are not based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Rule 8(a) is written in the disjunctive. Therefore, since the Court has concluded that

District Court may, in its discretion and pursuant to Rule 14, sever the charges against the defendant, if it appears that he will be prejudiced by the joinder of the offenses. *United States v. Graham*, 275 F.3d 490, 512 (6th Cir.2001). Thus, Rule 14 permits a court to order separate trials in order to avoid the prejudice which would flow from a joint trial, during which all charges would be resolved. *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir.1993). That Rule provides, in pertinent part:

> If it appears that a defendant or the Government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

In *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), the Supreme Court discussed requests for severance under Rule 14:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. See *Kotteakos v. United States*, 328 U.S. 750, 774–775, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. See *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. See, *e.g.*, *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir.1979) (per curiam). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in sit-

---

the offenses charged against the Defendant are "of the same or similar character," it is not necessary to determine whether the charges against him are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

In support of his argument that joinder is improper under Rule 8(a), the Defendant has also cited *United States v. Turner*, 93 F.3d 276 (7th Cir.), *cert. denied*, 519 U.S. 1034, 117 S.Ct. 596, 136 L.Ed.2d 524 (1996). That decision supports this Court's conclusion that the counts against the Defendant have been properly joined under Rule 8(a). Therein, the Seventh Circuit held that to ascertain whether counts have been properly joined under Rule

8(a), a court should examine the charges set forth in the indictment on a categorical basis, rather than basing its decision on whether the evidence which will support each count is similar and whether the crimes were committed within a relatively short period of time. *Id.* at 283. The Seventh Circuit concluded that "if offenses are of like class, although not connected temporally or evidentially, the requisites for proper joinder should be satisfied so far as Rule 8(a) is concerned." *Id.* (internal quotation marks and citation omitted). Herein, it cannot be questioned that the six counts of bank robbery with which the Defendant is charged are "of like class." Consequently, joinder of those six counts is proper under the rule set forth in *Turner*.

uations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh,* less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. See 481 U.S. [200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)].

*Id.* at 539, 113 S.Ct. 933. A defendant seeking severance under Rule 14 "bears a strong burden and must demonstrate substantial, undue or compelling prejudice." *United States v. Davis,* 177 F.3d 552, 558 (6th Cir.1999). Whether to grant a request for severance under Rule 14 is addressed to the discretion of the District Court. *United States v. Frost,* 125 F.3d 346, 391 (6th Cir.1997), *cert. denied,* 525 U.S. 810, 119 S.Ct. 40, 142 L.Ed.2d 32 (1998); *Lloyd,* 10 F.3d at 1215.

■ Initially, the Defendant argues that he will suffer prejudice if the Court does not grant him separate trials, because there is a risk that the jury will convict him on the weight of the accusations and accumulated evidence. In *United States v. Jackson,* 208 F.3d 633 (7th Cir.), *cert. denied,* 531 U.S. 973, 121 S.Ct. 416, 148 L.Ed.2d 321 (2000), the Seventh Circuit described the type of prejudice the Defendant fears he will suffer if all offenses against him are resolved in a single trial:

> There always is some danger of cumulative prejudice when offenses start getting stacked up against a defendant, but the real hazards of multiple charges are jury confusion or jury bias if it hears evidence about crime B that it would not have heard if it only were considering crime A.

*Id.* at 638. The Sixth Circuit has on two occasions rejected the argument that the District Court abused its discretion by refusing to grant separate trials for multiple counts of bank robbery, when the defendant had based his request for severance on the proposition that the jury would be biased against him on one offense, as a result of the evidence introduced on other offenses. *McCoy, supra* (rejecting the argument that the District Court should have severed two counts of bank robbery); *Gough, supra* (rejecting the argument that the District Court should have severed nine counts of bank robbery). In addition, the Sixth Circuit has frequently held that juries are presumed capable of sorting out and applying the evidence as it relates to each charged offense and defendant. *United States v. Gibbs,* 182 F.3d 408, 434 (6th Cir.), *cert. denied,* 528 U.S. 1051, 120 S.Ct. 592, 145 L.Ed.2d 492 (1999). Accordingly, the Court concludes that the Defendant is not entitled to separate trials, because of the danger that the weight of the accusations and accumulated evidence will prejudice him.

In addition, Defendant contends that he will be prejudiced "because available defenses are inconsistent." Doc. # 42 at 4 (unnumbered). The Defendant has not indicated which inconsistent defenses he wishes to present. In the absence of a fuller explanation of the inconsistent defenses, this Court is compelled to conclude that the Defendant has failed to meet his burden of demonstrating that he will suffer "substantial, undue or compelling prejudice," if his request for severance is denied. *Davis,* 177 F.3d at 558. *See also, United States v. Flores,* 1995 WL 418996, 61 F.3d 904 (6th Cir.1995) (concluding that the District Court had not abused its discretion in overruling severance motion which referenced inconsistent defenses, since defendant had failed to identify those defenses).

■ Defendant also argues that he will be prejudiced without severance, because he wishes to testify as to one of the offenses but not to the others. In support of this argument, he relies upon *Cross v. United States,* 335 F.2d 987 (D.C.Cir.1964),

wherein Judge David Bazelon concluded that the District Court had committed reversible error by refusing to sever trial of two offenses charged against the defendant, because he wished to testify about one of the offenses but not the other. In *United States v. Lawrence*, 1992 WL 70190, 959 F.2d 237 (6th Cir.1992), the Sixth Circuit noted that the District of Columbia Court of Appeals had subsequently limited *Cross* to instances where a defendant has made a convincing showing that " 'he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.' " *Id.* at *5, 959 F.2d 237 (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C.Cir. 1968), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970)). Herein, the Defendant has failed even to attempt to show either that he has important testimony to give concerning one count, or that he has a strong need to refrain from testifying on another. Accordingly, this Court concludes that the Defendant's assertion that he wants to testify as to one offense but not as to the others does not serve as the basis for severing this prosecution. *See also, United States v. Scivola*, 766 F.2d 37, 43 (1st Cir.1985) (concluding that the District Court had not abused its discretion in refusing to sever the charges against the defendant, since he had failed to explain what testimony he would have given on one count if it had been severed from the other charge against him).

Accordingly, the Court concludes that the Defendant has failed to demonstrate that he will suffer prejudice, if he is not afforded six separate trials.

Based upon the foregoing, the Court overrules the Defendant's Motion to Sever (Doc. # 42).