UNITED STATES of America, Appellee,

v.

Thomas FORNARO, Appellant.

No. 431, Docket 89–1306.

United States Court of Appeals, Second Circuit.

Argued Nov. 22, 1989.

Decided Jan. 11, 1990.

Peter L. Truebner, Stamford, Conn., for appellant.

Denis M. King, Asst. U.S. Atty. (Stanley A. Twardy, Jr., U.S. Atty., D. Conn., of counsel), for appellee.

Before OAKES, Chief Judge, and TIMBERS and CARDAMONE, Circuit Judges.

PER CURIAM:

Thomas Fornaro appeals a June 13, 1989, judgment of the United States District Court for the District of Connecticut, Warren W. Eginton, Judge, convicting him pursuant to a jury verdict of perjury in violation of 18 U.S.C. § 1623 (1982). Arguing that the district court misconstrued the federal statute in denying his pre-trial motion to dismiss the prosecution on grounds that he had recanted his prior false statements, that it improperly withheld his recantation defense from the jury, and that it wrongfully failed to charge the jury that willfulness is an element of perjury, Fornaro seeks reversal of his conviction. We agree with the district court's interpretation of the relevant statutory provisions, and accordingly affirm the judgment below.

### FACTS

On November 2, 1988, Fornaro testified at the bail hearing of John DeFelice, who had been arrested for attempting to sell approximately one kilogram of cocaine. DeFelice was seeking release on bail, pending trial, to the custody of Fornaro. In his testimony at the hearing, Fornaro stated that he had been living in an apartment at 374 Midland Avenue in Rye, New York, since the beginning of October 1988, that he had paid October's rent for the apartment, and that he did not know whether the apartment had been occupied prior to his residency. Fornaro further testified that he did not know exactly where DeFelice had been living for the past year, but that he knew DeFelice lived in Stamford, Connecticut.

During the year-long investigation leading up to DeFelice's arrest, the Government had obtained information suggesting that DeFelice resided at 374 Midland Avenue. Prior to the November 2 hearing, federal agents interviewed Joseph Marciano, the owner of the Midland Avenue property. Marciano confirmed that DeFelice had rented an apartment at that address in July 1988 under an assumed name, and stated that DeFelice's brother had paid the October 1988 rent. Marciano also informed the agents that Fornaro had recently approached him about renting DeFelice's apartment. According to Marciano, Fornaro told him that DeFelice was in California and had given Fornaro permission to move into the apartment.

After Fornaro's initial testimony at the bail hearing in which he denied knowledge of DeFelice's place of residence and the identity of the prior occupant of the Midland Avenue apartment, the Government confronted him with the details of his own statements allegedly made to Marciano.

Q: Did you or did you not tell Mr. Marciano that John—that you knew John DeFelice, that you had discussed your living at 374 Midland Avenue with John DeFelice, that it was okay for you to move in because John DeFelice was in California.

A: Yes sir.

Q: You did tell him that? I thought you said a moment ago you didn't know who was in that apartment before you moved in?

A: Okay. You're right.

Q: Oh, so now you know?

A: Yeah.

On re-cross examination by the Government, Fornaro admitted to having earlier made a false statement.

Q: Ah, I'm—I'm just confused, Mr. Fornaro, about one thing. You said to me a minute ago when I asked you whether you knew who lived in that apartment before you moved in, you said "no."

A: Ah huh.

Q: Is that correct?

A: Yes sir.

Q: Now you told me just seconds ago that you actually did know who lived there before, that you knew it was John DeFelice, is that correct?

A: Yes sir.

Q: Okay. So you lied, is that correct?

A: To one question.

On November 10, 1988, Fornaro was indicted for committing perjury during his November 2 testimony. The indictment set forth three separate averments of perjury. It alleged that Fornaro lied when testifying that he knew DeFelice resided at an unspecified location in Stamford, when he denied knowing that DeFelice had lived in the 374 Midland Avenue apartment prior to his arrest, and when he stated that he had paid the October 1988 rent for the Midland Avenue apartment. Prior to trial, Fornaro moved to dismiss the charges against him pursuant to 18 U.S.C. § 1623(d), arguing that prosecution for perjury was barred since he had recanted his false testimony. The district court denied his motion to dismiss and, pursuant to a jury verdict following a two-day trial, ultimately convicted Fornaro of perjury.

## DISCUSSION

### 1. Recantation Defense

On appeal, Fornaro argues, first, that the district court misconstrued the perjury statute in denying his motion to dismiss the charges on grounds that he had recanted his prior false statements. Resolution of this issue turns on how we construe section 1623(d), which bars prosecution for perjury when the defendant, in the same continuous proceeding in which his false statement was made, admits its falsity if "the [false] declaration has not substantially affected the proceeding, *or* it has not become manifest that such falsity has been or will be exposed" (emphasis added).[1]

Fornaro argues that the two preconditions to an effective recantation are disjunctive, and that fulfillment of either bars prosecution. The Government, conceding that Fornaro's false statements did not substantially affect the bail proceeding, nevertheless argues that the two preconditions are conjunctive, and that recantation is not an effective defense to his perjury prosecution unless Fornaro also demonstrates that he recanted before it became manifest that such falsity would be exposed. We agree with the Government and the district court in holding that the more plausible interpretation of the section makes fulfillment of both conditions neces-

1. Title 18, United States Code, Section 1623 provides:

(a) Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

. . . .

(d) Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.

sary for recantation to bar prosecution for perjury.

Notwithstanding the general proposition that statutory terms are to be strictly construed, especially in criminal statutes, *see Dunn v. United States,* 442 U.S. 100, 112, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1979), every circuit court to date that has interpreted section 1623(d) has held that both stated requirements must be satisfied in order for recantation to act as a bar to prosecution. The most thorough analysis of this issue was given in *United States v. Moore,* 613 F.2d 1029 (D.C.Cir.1979), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980), in which the court examined congressional purpose and legislative history to conclude that "Congress did not countenance in Section 1623(d) the flagrant injustice that would result if a witness is permitted to lie to a judicial tribunal and then, upon only learning that he had been discovered, grudgingly to recant in order to bar prosecution." *Id.* at 1043; *see also United States v. Scivola,* 766 F.2d 37, 45 (1st Cir.1985) (adopting similar construction); *United States v. Denison,* 663 F.2d 611, 615 (5th Cir. Dec.1981) (same); *United States v. Scrimgeour,* 636 F.2d 1019, 1024 (5th Cir. Unit B Feb.1981) (same), *cert. denied,* 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981); *United States v. Crandall,* 363 F.Supp. 648, 654–55 (W.D.Pa. 1973) (same), *aff'd,* 493 F.2d 1401 (3d Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974).

■ We agree with *Moore* and the other courts that have ruled on the issue in concluding that the "or" in section 1623(d) should be read as "and". In enacting the perjury statute with its recantation defense, Congress aimed to encourage truth-telling in judicial proceedings. It would be an odd result indeed if a witness were allowed to lie under oath, and then to recant the testimony only when it became apparent the falsity would be exposed. Such an interpretation would encourage witnesses to lie in the first place, and then to recant only when confronted with the threat of exposure or prosecution. We therefore hold that recantation is an effective bar to prosecution only if the false statement has not substantially affected the proceeding *and* if it has not become manifest that the falsity has been or will be exposed.

■ Accordingly, we find that the district court did not err in rejecting Fornaro's recantation defense. Even after being confronted with the apparent inconsistencies in his testimony, Fornaro avoided admitting that he had lied. Only on re-cross examination did he finally concede the obvious falsity of his previous statements. Having failed to recant before it became evident that he would be exposed, Fornaro's motion to dismiss the prosecution was properly denied.

■ We furthermore find no error in the district court's denial of Fornaro's request that, notwithstanding the court's pre-trial ruling on his recantation defense, the jury be charged to consider his claim of recantation. Contrary to Fornaro's contention that a factual question for the jury existed as to whether it was "manifest" that the prior false testimony would be or had been exposed, this court specifically has stated that "[w]hether a valid offer to recant has been made is an issue of law that must be decided by the court." *United States v. D'Auria,* 672 F.2d 1085, 1091 (2d Cir.1982). We have also noted that the recantation defense must be raised, if at all, prior to trial. *See United States v. Kahn,* 472 F.2d 272, 283 n. 9 (2d Cir.) ("[S]ince § 1623(d) says that an admission of the falsity of the prior declaration 'shall *bar prosecution,*' ... it would seem that the defense should be raised prior to trial, and disposed of then by the judge." (emphasis in original)), *cert. denied,* 411 U.S. 982, 93 S.Ct. 2270, 36 L.Ed.2d 958 (1973); *see also Denison,* 663 F.2d at 618 ("[T]he defense of recantation must be raised before trial under Federal Rule of Criminal Procedure 12(b)(2) as a jurisdictional bar to prosecution.... Once rejected, the recantation issue may not be raised at trial and argued to the jury."). Fornaro was therefore not entitled to a jury instruction on his recantation defense.

## 2. *Elements of Perjury*

■ Finally, Fornaro claims that the district court erred in failing to charge the jury that willfulness, as well as knowledge, is an element of the perjury offense under section 1623(a). Rejecting Fornaro's request for such a charge, the district court instructed the jury that "[y]ou can't find him guilty unless you find beyond a reasonable doubt that his giving of the false testimony was knowing, in other words, that he knew what he was doing and that the other elements of the offense are present." Fornaro argues that this refusal on the part of the district court warrants reversal of his conviction, since the jury was able to convict him on a lesser standard than that required by the statute.[2]

We do not agree that "willfulness" is a necessary element of the perjury offense established in section 1623. The statute itself indicates that only "knowledge" is the necessary *mens rea:* "Whoever under oath ... in any proceeding before or ancillary to any court ... *knowingly* makes any false material declaration ... shall be fined ... or imprisoned...." 18 U.S.C. § 1623(a) (emphasis added). Although this court has never directly addressed whether willfulness is a necessary element of the crime, we recently stated without elaboration that "[s]ection 1623(a) prohibits a person from *knowingly* making a material false declaration when testifying under oath before a grand jury." *United States v. Lighte,* 782 F.2d 367, 372 (2d Cir.1986) (emphasis added). Moreover, other circuit courts have specifically held that willfulness is not an element of the offense established in section 1623(a). *See United States v. Goguen,* 723 F.2d 1012, 1020 (1st Cir.1983); *United States v. Watson,* 623 F.2d 1198, 1207 (7th Cir.1980); *United*

*States v. Lardieri,* 497 F.2d 317, 320 (3d Cir.1974). Because we find no support for appellant's attempt to depart from the elements of perjury listed in section 1623(a), we see no error in the district court's instructions to the jury.[3]

Judgment affirmed.

---

**2.** Fornaro's defense at trial relied largely on psychiatric testimony stating that Fornaro suffered from several disorders that prevented him from controlling his untruthful statements.

**3.** Appellant cites 2 L. Sand, J. Siffert, W. Loughlin & S. Reiss, *Modern Federal Jury Instructions* ¶ 48.02, at 48–30 to –31 (1989), to support his argument that willfulness is an element of the crime of perjury. His cited authority, however, states that willfulness is an element of the offense established in 18 U.S.C. § 1621 (1982), the

general perjury statute, which specifically sets forth willfulness as an element of perjury under that section. The authors themselves distinguish the elements of perjury under section 1623 and section 1621 by noting that "in what was apparently an effort to ease the prosecution's burden ... under 18 U.S.C. § 1623, Congress made the *mens rea* of that offense 'knowingly' instead of 'willfully.'" 2 L. Sand, J. Siffert, W. Loughlin & S. Reiss, *supra* (footnote omitted).