UNITED STATES of America, Appellee,

v.

**Sherry Lynn SMITH, Appellant.**

No. 93–3953.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1994.

Decided Sept. 12, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 18, 1994.

Sam Heuer, Little Rock, AR, for appellant.

Michael D. Johnson, Asst. U.S. Atty., Little Rock, AR, for appellee.

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

---

BOWMAN, Circuit Judge.

Sherry Lynn Smith timely appeals her conviction following her conditional guilty plea to one count of perjury. We vacate and remand for further proceedings.

## I.

On May 18, 1993, a grand jury indicted Smith, charging her with three offenses: conspiracy to structure a cash transaction in violation of 18 U.S.C. § 371 (1988); structuring a cash transaction with a trade or business in violation of 26 U.S.C. § 6050I(f)(1)(C) (1988) and 18 U.S.C. § 2 (1988); and perjury in violation of 18 U.S.C. § 1623(a) (1988). In exchange for her conditional guilty plea to the perjury charge, the other charges were dismissed.

The perjury charge arose out of Smith's testimony before a grand jury investigating several individuals, including Smith's boyfriend Craig Keltner, and their involvement in a series of crimes including car theft, kidnapping, mail fraud, burglaries, robberies, and money laundering. The grand jury questioned Smith about the source of funds with which Keltner had purchased a Chevrolet Corvette. Keltner first attempted to make the purchase from a dealership with $12,200 in cash. When the dealership informed him that it would have to file a report with the Internal Revenue Service on any cash transaction in excess of $10,000, Keltner arranged to pay with $9,800 in cash and $2,400 in the form of a check from Smith. The dealership held the $12,200 until Keltner returned with Smith's check, then the dealership returned $2,400 in cash to Keltner. Smith deposited $2,400 in cash into her bank account the same day.

Before the grand jury, Smith initially testified that she had invested $3,000 from her savings toward the purchase of the car. She denied that the $2,400 deposited into her bank account after the purchase came from Keltner. After a thirty-eight-minute break in the proceeding, during which Smith re-

viewed her bank records, she resumed her testimony and recanted her previous statements. Smith admitted that the $2,400 belonged to Keltner and was given to her to deposit as part of the transaction to purchase the Corvette.

## II.

Prior to her conditional guilty plea to the perjury charge, Smith moved for dismissal of that charge on the ground that 18 U.S.C. § 1623(d) (1988) bars prosecution for perjury on the facts of her case. The District Court disagreed with Smith's interpretation of the statute and denied her motion. Her conditional plea preserved the issue for appellate review, and she now asks this court to address it.

We review questions of statutory interpretation de novo. *King v. Ahrens,* 16 F.3d 265, 270 (8th Cir.1994). Our analysis begins with the statutory language. Section 1623(d) states:

> Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, *or* it has not become manifest that such falsity has been or will be exposed.

18 U.S.C. § 1623(d) (emphasis added).

The District Court denied Smith's motion on the ground that § 1623(d) "bars prosecution only if the false statement has not substantially affected the proceeding *and* if it has not become manifest that the falsity has been or will be exposed." Order Denying Motion to Dismiss at 2 (August 16, 1993) (emphasis added). The District Court construed the two conditions as conjunctive, reading "or" to mean "and," and found that Smith did not satisfy the latter condition.[1] Smith contends that the two conditions are

---

1. In its order denying Smith's motion to dismiss, the District Court stated "Thus, although the false statements may not have substantially affected the proceedings, the Court cannot find that it had become manifest that the falsity had

been or would have been exposed." Given the District Court's denial of the motion to dismiss, we can only conclude that the language "the Court cannot find that it had become manifest" is a misstatement or a typographical error.

disjunctive and thus satisfaction of either bars her prosecution for perjury.

In interpreting § 1623(d), "we adhere to the general principle that '[when] the plain language of a statute is clear in its context, it is controlling.'" *King,* 16 F.3d at 271 (quoting *Blue Cross Ass'n v. Harris,* 622 F.2d 972, 977 (8th Cir.1980)). The plain language of the statute indicates that after recantation, a perjury charge is barred if (1) the proceeding has not been substantially affected by the false testimony, *or* (2) it has not become manifest that the false nature of the testimony has been or will be exposed. Because the wording of § 1623(d) "is plain, simple, and straightforward, the words must be accorded their normal meanings." *United States v. Jones,* 811 F.2d 444, 447 (8th Cir.1987). The ordinary usage of the word "or" is disjunctive, indicating an alternative. Construing the word "or" to mean "and" is conjunctive, and is clearly in contravention of its ordinary usage. Thus, we find the plain language of § 1623(d) controlling and accord the word "or" its ordinary, disjunctive meaning.

According the word "or" its ordinary meaning does not defeat the intent of Congress in enacting the statute and creating the § 1623(d) recantation defense. In *United States v. Del Toro,* the Second Circuit looked to the legislative history and found that the purpose of the statute "was obviously to induce the witness to give truthful testimony by permitting him voluntarily to correct a false statement without incurring the risk of prosecution for doing so." 513 F.2d 656, 665 (2nd Cir.) (citing 1970 U.S.C.C.A.N. 4007, 4024 (1970)), *cert. denied,* 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975). "Section 1623(d) balances the need to encourage a witness to correct [ ][false] testimony against the need to prevent [ ] perjury at the outset." *United States v. Denison,* 663 F.2d 611, 617 (5th Cir.1981). To meet the congressional goal of encouraging truthful testimony, we need only apply the plain language of the statute in its ordinary usage. Reading the two conditions in the alternative, as the word "or" demands, the statute creates an incentive for witnesses to correct false testimony early in the proceeding. Arguably, construing the word "or" to mean "and" creates a

statutory scheme providing a stronger incentive for witnesses to testify truthfully at the outset; however, we defer to Congress's chosen scheme as manifested by its language which balances encouragement of truthful testimony and penalties for perjury.

Additionally, because § 1623(d) is a penal statute, we must apply the rule of lenity. *See Dunn v. United States,* 442 U.S. 100, 112, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1979). We conclude that to read "or" as "and" in the context of § 1623(d) would "contravene [the Supreme] Court's long-established practice of resolving questions concerning the ambit of a criminal statute in favor of lenity." *Id.* Thus, we accord the word "or" its ordinary meaning, reading the statute as setting forth two alternative conditions, satisfaction of either of which will allow a declarant to employ the recantation defense to bar prosecution for perjury.

### III.

We recognize that the District Court followed existing authority in construing § 1623(d) against its plain meaning. Each of the other circuits addressing the language of § 1623(d) has construed "or" to mean "and." *See United States v. Fornaro,* 894 F.2d 508, 510–11 (2nd Cir.1990); *United States v. Scivola,* 766 F.2d 37, 45 (1st Cir.1985); *United States v. Scrimgeour,* 636 F.2d 1019, 1021 (5th Cir. Unit B Feb. 1981), *cert. denied,* 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981); *United States v. Moore,* 613 F.2d 1029, 1039–44 (D.C.Cir.1979) (extended discussion of congressional intent), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980); *United States v. Crandall,* 363 F.Supp. 648, 654–55 (W.D.Pa.1973), *aff'd,* 493 F.2d 1401 (3d Cir.) (table), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974).

Explaining its rationale for this construction, the District of Columbia Circuit stated in *Moore* that "Congress did not countenance in Section 1623(d) the flagrant injustice that would result if a witness is permitted to lie to a judicial tribunal and then, upon only learning that he had been discovered, grudgingly to recant in order to bar prosecution." 613 F.2d at 1043. The court also discussed the legislative history of § 1623(d), noting that it

was modeled after the New York recantation defense statute. The New York statute is similar but employs "and" rather than "or," clearly making the two conditions conjunctive. *Id.* at 1042.

While this observation may raise some uncertainty about the language Congress intended to enact, it does not create an ambiguity in an otherwise plainly worded statute nor does it militate against according the enacted language its ordinary meaning. "[I]t is appropriate to assume that the ordinary meaning of [the statutory language] accurately expresses the legislative purpose." *Jones,* 811 F.2d at 447. In this case, where the statute is unambiguous on its face, the language of the statute is conclusive as to legislative intent, and we thus decline to abandon the ordinary disjunctive meaning accorded to "or" in favor of a conjunctive "and," as such a construction would defeat the plain language of the statute and would not foster any clearly articulated legislative intent to the contrary. *See United States v. Talley,* 16 F.3d 972, 975 (8th Cir.1994).

This Circuit has addressed § 1623(d) only once previously, by way of analogy, in *Precision Window Manufacturing, Inc. v. N.L.R.B.,* 963 F.2d 1105 (8th Cir.1992).[2] Here, we clarify the brief analysis of § 1623(d) set forth in *Precision Window. Id.* at 1110. In order to employ § 1623(d) to claim protection from prosecution for perjury, a party is not required to recant before it has become manifest that the falsehoods have been or will be exposed; rather, this is but one of two circumstances in which the defense applies. The declarant may also use the defense if she explicitly recants before the false testimony has substantially affected the proceeding. *See* 18 U.S.C. § 1623(d).

## IV.

On remand, Smith may defeat the perjury charge if she can show that she satisfies either of § 1623(d)'s conditions. As to the condition that she recant before her false testimony has substantially affected the proceedings, the District Court did not address the issue at length, but appears to have found that her false statements may not have affected the proceedings. Order Denying Motion to Dismiss at 2. It is not clear to us that the District Court intended to make a definitive finding on this point, and we do not think the court should be precluded from revisiting this issue on remand.

We turn now to the alternative statutory condition, that the declarant recant before it becomes manifest that the falsity of her statement has been or will be exposed, because the District Court relied upon Smith's failure to fulfill this condition in denying her motion to dismiss.

We believe the District Court misapplied the "manifest" test. The court reasoned that because the government had the bank records with which to confront Smith, the falsity of her statements was manifest to the government before she recanted, and the court stopped its analysis at that point. The proper test to apply, however, when determining whether recantation occurred before imminent exposure was manifest, is whether the fact that the statements have been or will be exposed as false is objectively manifest to the declarant. On remand, if the District Court reaches consideration of this condition, it must determine whether it had become objectively manifest to Smith, before she recanted, that the falsity of her statements had been or would be exposed.

## V.

For the reasons stated, we hold that the District Court erred in its interpretation of 18 U.S.C. § 1623(d). The judgment of the District Court is vacated and the case is

---

**2.** In *Precision Window Manufacturing, Inc. v. N.L.R.B.,* 963 F.2d 1105, 1110 (8th Cir.1992), a party who made false statements before the National Labor Relations Board attempted to claim a recantation defense by analogy to § 1623(d). However, the declarant, rather than recanting fully, was "hammered into telling the truth" and ultimately gave only "a half-baked explanation of phony testimony." *Id.* We said that § 1623(d) seeks to prevent the factfinder from being "dragged through the lowly process of bargaining with the witness for the truth." *Id.* We also noted that the section requires that the declarant make an "explicit admission that the prior testimony was false," and do so before "it has become manifest that such falsity had been or will be exposed." *Id.*

remanded for further consideration of Smith's § 1623(d) recantation defense in a manner consistent with this opinion.