**UNITED STATES of America, Appellee,**

v.

**Charles F. WHITON, Appellant.**

**No. 94–2629.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Feb. 24, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied April 19, 1995.

Scott McGregor, Rapid City, SD, argued, for appellant.

Steve D. Rich, Asst. U.S. Atty., Rapid City, SD, argued, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

WOLLMAN, Circuit Judge.

Charles F. Whiton appeals from the judgment of conviction entered by the district court[1] following his conditional guilty plea to one count of unlawful possession of a firearm after having been committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4). We affirm.

## I.

On November 2, 1990, Whiton was involuntarily admitted to the Wichita Falls State Hospital (Hospital) in Wichita Falls, Texas, after his girlfriend had alerted authorities that Whiton was exhibiting bizarre behavior. On November 8, 1990, after receiving certificates of medical examination from two psychologists who had examined Whiton, a Texas state court judge found that Whiton was mentally ill and ordered that he be committed to the Hospital for a period of time not to exceed ninety days. After determining that Whiton was capable of participating in outpatient therapy, the Hospital discharged him on November 23, 1990.

On April 23, 1993, Whiton purchased a Ruger, model 10–22, .22 caliber semi-automatic rifle from Sharp's Trading Company in Spearfish, South Dakota. As part of the purchase, Whiton filled out the Alcohol, Tobacco and Firearms Form 4473, stating that he had never been committed to a mental institution. On July 9, 1993, during the execution of a federal search warrant, Whiton admitted to authorities that he had falsely executed Form 4473. Whiton also directed authorities to the location of four additional firearms that were in his possession.

On August 19, 1993, Whiton was indicted on five counts of unlawful possession of a firearm after having been committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4), and one count of making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). Whiton moved to suppress statements that he made to authorities at the time of his arrest, and he moved three times to dismiss the indictment. The district court denied all of Whiton's motions. Whiton then entered a conditional plea of guilty under Fed.R.Crim.P. 11(a)(2) to one count of violating section 922(g)(4), reserving his right to appeal the district court's denial of his motions. The district court sentenced Whiton to probation for a period of one year. This appeal followed.

## II.

Whiton first argues that his involuntary commitment to the Hospital in 1990 did not constitute a commitment within the meaning of 18 U.S.C. § 922(g)(4). We review the district court's interpretation of section 922(g)(4) *de novo,* and we begin with a review of the statutory language. *United States v. Smith,* 35 F.3d 344, 345 (8th Cir.1994). Section 922(g)(4) provides:

It shall be unlawful for any person—

. . . .

(4) who has been adjudicated as a mental defective or who has been committed to a mental institution;

. . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The issue of whether a person has been committed to a mental institution is a question of federal law. *United States v. Giardina,* 861 F.2d 1334, 1335 (5th Cir.1988); *United States v. Waters,* 23 F.3d 29, 31 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 185, 130 L.Ed.2d 119 (1994). The statute does not define the term "committed." Nevertheless, because it will almost always be the case that a prior commitment will have occurred pursuant to state law, "we may seek guidance from state law" in resolving that federal question. *Giardina,* 861 F.2d at 1335; *see Waters,* 23 F.3d at 31; *see also United States v. Hansel,* 474 F.2d 1120, 1122–23 (8th Cir.1973) (looking to state law).

We conclude that there is no real question but that Whiton was committed to a mental institution under Texas law. An application was filed in state court requesting that he be committed to a mental institution. Following a court hearing, a Texas state judge found that Whiton was mentally ill and ordered that he be "committed" to the Hospital for temporary mental health services.

We turn, then, to Whiton's contention that section 922(g)(4) is unconstitutional as applied to him. He argues that reference to state law in construing this criminal statute results in disparate treatment of similarly situated persons because of differing state laws governing commitment. Thus, he argues, this disparate treatment violates his right to equal protection and substantive due process.

It is well established that equal protection of the laws requires that similarly situated persons be treated alike. *See, e.g., Klinger v. Department of Corrections,* 31 F.3d 727, 731 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1177, 130 L.Ed.2d 1130 (1995); *Moreland v. United States,* 968 F.2d 655, 660 (8th Cir.) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992). However, "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger,* 31 F.3d at 731. Thus, the initial inquiry in analyzing an equal protection claim is to determine whether a person is similarly situated to those persons who allegedly received favorable treatment.

Whiton argues that he is similarly situated to the defendants in *Hansel* and *Giardina,* both of whom were found not to have been committed under section 922(g)(4). We do not agree. Unlike Whiton, the defendants in both of those cases were neither adjudicated to be mentally ill nor were they ordered to be committed to a mental institution. Whiton has not identified any person found to be in possession of a firearm who, after having been found to be mentally ill and committed to a mental institution, was not subsequently convicted under section 922(g)(4). "Absent a threshold showing that [ ]he is similarly situated to those who allegedly received favorable treatment, [Whiton] does not have a viable equal protection claim." *Klinger,* 31 F.3d at 731.

The judgment is affirmed.