UNITED STATES COURT OF APPEALS
**Filed 7/26/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PETER JOSEPH McMAHON,

Defendant-Appellant.

No. 95-5168
(D.C. No. 95-CR-60-B)
(N. D. Oklahoma)

ORDER AND JUDGMENT[*]

Before ANDERSON, ENGEL[**] and LOGAN, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Albert J. Engel, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Defendant Peter J. McMahon appeals after his guilty plea and sentence on one count of conspiracy to present false statements, in violation of 18 U.S.C. § 371.

On appeal, defendant contends that the district court erred in (1) granting only a two-point downward adjustment for acceptance of responsibility, (2) increasing his offense level by four points for his role as an organizer or leader, and that the government (3) breached his plea agreement when it subpoenaed him as a witness at codefendant Michael Sinclair's trial. We reject these arguments and affirm.

Defendant procured perjured testimony in a companion case (No. 95-5169, decided this day) charging him with firearm and ammunition violations. When the government uncovered the perjury conspiracy during the course of trial and produced witnesses to recant their perjured testimony, defendant acknowledged some of his role in the perjury scheme. The indictment in the instant case followed approximately six weeks later.

At sentencing here the district court granted a two-point reduction in defendant's offense level for acceptance of responsibility under USSG § 3E1.1(a), and applied a four-point offense level increase under USSG § 3B1.1(a) based on defendant's role in organizing the perjury conspiracy that involved five or more participants. This placed defendant's adjusted offense level at twenty; combined with his Category VI criminal history it resulted in a sentencing range of seventy to eighty-seven months. The district

court sentenced him to a sixty-month term of imprisonment, to run concurrently with his sentence in the companion case.[1]

Defendant argues that he should have been given the additional one point adjustment for acceptance of responsibility available under USSG § 3E1.1(b). A defendant carries the burden of establishing by a preponderance of the evidence his entitlement to this adjustment, and we will only overturn the district court's findings if they lack support in the record. United States v. Portillo-Valenzuela, 20 F.3d 393, 394 (10th Cir.), cert. denied, 115 S. Ct. 227 (1994).

Defendant contends that because he admitted to the perjury conspiracy at his trial in the companion case, provided the government with full disclosure of the facts, and ultimately pleaded guilty, he satisfied both prongs of § 3E1.1(b).

Defendant's testimony at his earlier trial in which he partially confessed to perjury did not satisfy § 3E1.1(b)(1). He delayed meeting with prosecutors until less than two weeks before trial in the instant case, and he pleaded guilty just four days before trial and after the government was prepared for trial. The district court did not err in finding that defendant was not entitled to the additional one-point downward adjustment. See United

_____

[1] The maximum statutory sentence for violations of 18 U.S.C. § 371 is five years, the sentence imposed. Even if we accepted defendant's arguments and lower his offense level to 16, his sentencing range would be 63 to 78 months. The district court, therefore, would have to depart downward to lower defendant's sentence below 60 months. We also note that because defendant's sentence in the instant case runs concurrently with that in his companion case, any decision here will not result in an earlier release date.

States v. Robinson, 14 F.3d 1200, 1203 (7th Cir. 1994) (guilty plea four days before scheduled trial date not sufficiently timely for government to avoid trial preparation).

Defendant next argues that the district court erred by its four-level increase of his offense level for his role as an organizer or leader of five or more participants in the perjury conspiracy, pursuant to USSG § 3B1.1(a).

We have read the record and agree that the perjury conspiracy involved at least five individuals: Dallas Woods, Waylon Woods, Michael Sinclair, codefendant Kandy Kay Thomas, and defendant. The district court correctly increased defendant's offense level by four points to reflect his aggravating role. See United States v. Robertson, 45 F.3d 1423, 1448 (10th Cir.) (defendant may be counted toward the five participant requirement at § 3B1.1(a)), cert. denied, 116 S. Ct. 133 (1995).

Finally, defendant contends that the government breached its plea agreement with defendant by issuing a subpoena for him to testify at Sinclair's trial. This is an issue we review de novo. United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993).

The district court engaged defendant, his counsel, and the government in extensive discussions before accepting defendant's change of plea. This discussion focused on the possibility that defendant might be subpoenaed to testify at Sinclair's trial. Defendant acknowledged that he understood the noncooperating plea agreement did not, and could not, foreclose a subpoena for his testimony. After defendant's sentencing in the instant case, the government issued a subpoena for defendant's testimony at Sinclair's trial.

Defendant now contends that, because the government indicated at the change of plea hearing that it did not anticipate issuing a subpoena, he was misled. He asserts he had a verbal understanding not embodied in the plea agreement. The detailed and careful discussions at the change of plea hearing, however, belie defendant's position. The district court repeatedly and unequivocally informed defendant that he could be subpoenaed and that the plea agreement did not foreclose a subpoena; defendant could not have reasonably understood otherwise. Cf. United States v. Greenwood, 812 F.2d 632, 635 (10th Cir. 1987).[2]

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

---

[2] We deny defendant's renewed motion to file a pro se reply brief that was previously denied in December 1995. We see nothing in that motion that might lead us to change the outcome of this appeal.