**EDWARD KRAEMER & SONS, INC.,**
a Wisconsin corporation,
**Appellant,**

v.

**ASHBACH CONSTRUCTION CO., Defendant,**

United Fire & Casualty Co., an Iowa corporation, **Respondent.**

No. C3–99–1592.

Court of Appeals of Minnesota.

April 11, 2000.

Review Denied June 13, 2000.

Jane Everson Volz, Lakeville (for appellant).

David H. Gregerson, Mark J. Johnson, Lang, Pauly, Gregerson & Roscow, Ltd., Minneapolis (for respondent).

LuAnn M. Petricka, Luann M. Petricka, P.A., Minneapolis, for amicus curiae Minnesota Seeding Contractors Association, Inc.

Considered and decided by CRIPPEN, Presiding Judge, KLAPHAKE, Judge, SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Edward Kraemer & Sons, Inc. was a materials supplier on two construction projects. When the general contractor failed to pay for the materials, appellant served notices of claims against the payment bonds provided by the surety, respondent United Fire & Casualty Co. Respondent denied the claims because the notices were untimely.

Appellant contended that the notice requirement did not apply because the general contractor's address did not appear on one of the bonds, and, on the other, only a post office box was listed for the surety. A street address was listed for the surety's attorney-in-fact.

The district court granted summary judgment to respondent. We affirm. The surety sufficiently complied with the address requirement for payment bonds, and appellant's claim notices were untimely.

## FACTS

Ashbach Construction was the general contractor on a road repair project for the Minnesota Department of Transportation and on an airport renovation project for the Metropolitan Airports Commission.

Appellant Edward Kraemer & Sons contracted with Ashbach to supply aggregate materials for each project. Kraemer supplied materials for the road repair between September 4 and September 9, 1997, and for the airport renovation between October 6 and November 10, 1997.

Respondent United Fire & Casualty was the surety that provided a payment bond for each project.

When Ashbach failed to pay for the aggregate materials, Kraemer sent notices of claims against the bonds by certified mail to Ashbach and United Fire. On the road repair project, Kraemer sent its claim notice 184 days after its last delivery of materials; and on the airport job, 122 days after the last delivery to that project.

United Fire denied both claims, stating that Kraemer failed to comply with Minn. Stat. § 574.31, subd. 2(a) (1998), which requires bond claim notices to be served within 120 days after the last delivery of materials.

Kraemer then sued Ashbach and United Fire. In its claim against United Fire, Kraemer alleged that the surety's breach of its contract with Ashbach resulted in damages to Kraemer as a third-party beneficiary of the payment bonds.

United Fire and Kraemer brought cross-motions for summary judgment. United Fire argued that timely claim notice is a condition precedent to recovery against a payment bond and that Kraemer's notices were untimely. Kraemer responded that the notice requirement did not apply here because the bonds did not comply with the address requirement of the bond statute. Alternatively, Kraemer argued that its notice on the airport job was timely because it was served within 120 days after completion of the project.

The district court rejected Kraemer's arguments, held that Kraemer failed to give timely notices, and granted summary judgment to United Fire. Kraemer appeals.

## ISSUES

By statute, a payment bond must list the address of the contractor and the surety. Minn.Stat. § 574.28 (1998). If the contractor fails "to state its address or the address of the surety," the claimant need not provide "the surety or the contractor written notice of its claim * * * ." Minn.Stat. § 574.31, subd. 2(b) (1998)

1. Is a surety's right to notice forfeited when the bond contains the surety's address but not the contractor's address?

2. Is a surety's right to notice forfeited when the bond contains the contractor's post office box, the name and address of the surety's attorney-in-fact, and only a post office box for the surety?

## ANALYSIS

On appeal from summary judgment, this court determines whether there are any genuine issues of material fact, and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990); *see also* Minn. R. Civ. P. 56.03. This court views the evidence in the light most favorable to the party opposing the motion. *Bol v. Cole*, 561 N.W.2d 143, 146 (Minn.1997).

Proper construction of a statute is a question of law, which this court reviews de novo. *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 383 (Minn.1999).

As a condition precedent to a claim against a payment bond, the claimant must serve notice on the surety personally or by certified mail within 120 days after the claimant's last delivery of materials. Minn.Stat. § 574.31, subd. 2(a) (1998). Service by certified mail must be made "to the addresses of the contractor and surety listed on the bond." *Id.*

Under Minn.Stat. § 574.28 (1998), payment "bonds must list the address of the contractor on whose behalf the bonds were issued and of the surety providing the bonds."

If the contractor providing the payment bond fails to comply with the filing requirements of section 574.28 by failing to state its address or the address of the surety providing the bond, then a claimant under the bond need not provide the surety or the contractor written notice of its claim * * *.

Minn.Stat. § 574.31, subd. 2(b) (1998).

██ The road repair project bond contains no address for Ashbach, but lists in the "Acknowledgment of Surety" the address of 118 Second Avenue S. E., Cedar Rapids, Iowa 52407 for United Fire, and 5851 Cedar Lake Road, Minneapolis, Minnesota 55416 for United Fire's attorney-in-fact.

It is because this bond does not list the *general contractor's address* that Kraemer contends the surety, for which two addresses are given, is not entitled to the 120–day bond claim notice.

The airport project bond contains no street address for Ashbach but gives a post office box address with the city, state, and zip code. For United Fire there is listed a post office box address, and a city, state, and zip code. There is also listed a person's name and a street address, city, state, and zip code for the surety's attorney-in-fact.

Kraemer contends that post office box addresses are not sufficient and that the street address of a surety's attorney-in-fact is not the address of the surety, as the statute requires.

It is not disputed that Kraemer sent notice of claims against both bonds on March 12, 1998, to United Fire's street address in Cedar Rapids, Iowa, and that United Fire received both notices.

Kraemer's first argument is that we should read the word "or" as "and" in the portion of Minn.Stat. § 574.31, subd. 2(b)

that makes the notice requirement inapplicable if the contractor fails to give "its address *or* the address of the surety." (Emphasis added.) Presumably, Kraemer would also have us read the second disjunctive in the statute as an "and" as well: "Then the claimant under the bond need not provide the surety *or* the contractor written notice * * * ." *Id.* (Emphasis added).

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1998). It is presumed that the legislature does not intend an unreasonable result. Minn.Stat. § 645.17(1) (1998). When the words of a statute as applied to a particular situation are clear, the letter of the law must not be disregarded "under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (1998). "Absent context revealing that the word 'or' should be read as a conjunctive, we have generally read 'or' to be disjunctive." *Amaral*, 598 N.W.2d at 385 (citation omitted). *See also United States v. Smith*, 35 F.3d 344, 347 (8th Cir.1994) ("[W]e thus decline to abandon the ordinary disjunctive meaning accorded to 'or' in favor of a conjunctive 'and,' as such a construction would defeat the plain language of the statute and would not foster any clearly articulated legislative intent to the contrary.").

██ The clear intent of Minn.Stat. § 574.31, subd. 2(a) is that a bond claimant be required to give notice to a surety within a prescribed time to be allowed to pursue the claim. If a claimant is to be held to the notice requirement, he needs to know how, to whom, and where to give notice. Minn.Stat. § 574.31, subd. 2(a) requires personal service or service by certified mail to the surety's address listed on the bond. Minn.Stat. § 574.28 requires that the surety's address be listed on the bond. We agree with the district court that these provisions are intended to facili-

tate the giving of the requisite notice to the surety.

■ For a claim against a bond, it is reasonable that the claimant not be held to the notice requirement unless the bond discloses the address at which the surety can be served. If the bond contains no address for service on the surety, it is a reasonable conclusion that the legislature intended that the surety is not entitled to the benefit of the statutory notice requirement. This is the sense of Minn.Stat. § 574.31, subd. 2(b). We believe this reading of the bond notice and address provisions is a logical, fair, and plausible plain-language reading that honors the intent of the law.

■ Kraemer's reading, on the other hand, is strained and leads to an unfair result. It means that, despite satisfaction of the mandated disclosure as to the surety, the lack of disclosure as to the contractor forfeits the *compliant surety's* right to notice.

■ Kraemer also contends that the bond on the airport project violates the address requirement of Minn.Stat. § 574.28 because the bond lists a post office box for the surety rather than a street address. But that bond also in-cludes a name and a street address for the surety's attorney-in-fact. The statute does not expressly require a street address. Nevertheless, the statute must be read to require an address at which notice actually can be served, either personally or by certified mail. The record does not show whether a post office box is an address at which certified mail can be received. But surely the name and street address of the surety's attorney-in-fact fulfills the statutory purpose of ensuring a place at which service can be made.

## D E C I S I O N

The addresses provided on respondent's payment bonds were sufficient to facilitate the giving of notice of claim. The claimant's statutory obligation to give notice within 120 days was not excused. Because appellant's claim notices were untimely, the district court properly granted summary judgment to respondent.

**Affirmed.**