**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PETER JOSEPH MCMAHON,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 00-5001
(D.C. No. 97-CV-944-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Peter Joseph McMahon appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence. McMahon pled guilty to one count of conspiracy to present false statements to a court, 18 U.S.C. §§ 371, 1623. He now seeks to set aside his guilty plea, contending that it was involuntary because of ineffective assistance of counsel. He also seeks to modify his sentence on the basis of ineffective assistance of counsel.

This matter comes before the court on McMahon's application for a certificate of appealability (COA). In order to receive a COA, a § 2255 movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997).

FACTS

In March 1995, McMahon was prosecuted for firearms and ammunition violations. During the course of McMahon's trial, Michael Sinclair and two minor witnesses testified falsely at McMahon's request concerning the ownership and delivery of a firearm to McMahon's residence. This false testimony was relevant to the issue of McMahon's knowledge and intent on the firearms charges. After the perjury had been uncovered, McMahon took the stand and admitted that

he had played a part in obtaining the false testimony. The jury convicted him on the firearms charges.

On May 3, 1995, a grand jury charged Sinclair and McMahon with conspiracy to present false testimony. McMahon pled guilty to this charge. He admitted as a part of his plea that he had contacted Sinclair and asked him to testify falsely at the firearms trial. McMahon received a sentence of sixty months' imprisonment, followed by three years of supervised release, to be served concurrently with his sentence for the firearms violation.

McMahon was thereafter subpoenaed to testify at Sinclair's trial on the perjury and conspiracy charges. After his refusal to testify, the court granted him use immunity and compelled his testimony.

## GUILT PHASE ISSUES

"When an involuntariness of guilty plea claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective." Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir. 1988), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that

the deficient performance prejudiced his defense.        Strickland v. Washington  ,

466 U.S. 668, 687 (1984).

   1. **Recantation**

McMahon argues that his attorney was ineffective in failing to move for

dismissal of the indictment against him.  He contends, citing 18 U.S.C. § 1623(d),

that the indictment should have been dismissed because he admitted to and

therefore recanted the perjured testimony when he testified in the firearms trial.

Section 1623(d) reads as follows:

> Where, in the same continuous court or grand jury proceeding
> in which a declaration is made, the person making the declaration
> admits such declaration to be false, such admission shall bar
> prosecution under this section if, at the time the admission is made,
> the declaration has not substantially affected the proceeding, or it has
> not become manifest that such falsity has been or will be exposed.

The district court rejected McMahon's argument for three reasons.  First, it

found that McMahon had waived the argument by pleading guilty.  Second, it

found that recantation was not available to McMahon because he was not the

declarant.  Finally, it concluded that the requirements of the statute were

conjunctive rather than disjunctive, and since the prosecution had already exposed

the falsehood to the court at the time of his recantation, McMahon did not satisfy

one of the required statutory criteria.

A. Waiver

A voluntary guilty plea waives all nonjurisdictional defenses. See, e.g., United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990). Here, however, McMahon has cast his argument in the form of an attack on the voluntariness of his guilty plea based on alleged ineffective assistance of counsel. He specifically stated in his § 2255 motion that had his counsel advised him that the defense of recantation was available, he would not have pleaded guilty. Such a challenge to voluntariness is not waived by entry of the plea. See Hill v. Lockhart, 474 U.S. 52, 56-59 (1985) (recognizing claim of involuntariness based on constitutionally ineffective assistance of counsel). This being the case, waiver does not apply and we must turn to the merits of McMahon's argument.

B. Recantation by nondeclarant

McMahon was charged with conspiracy to make a false declaration to the court, not with actually making the false statement. Both the indictment and the factual basis for his guilty plea rest on McMahon's having persuaded Sinclair to make the false statement. Recantation is available under § 1623(d) only to "the person making the declaration." Here, the declarant of the false testimony was Sinclair, not McMahon. [1] Only Sinclair could recant his own false testimony.

---

[1] This does not mean that McMahon was without remedy, if he truly wished to halt the chain of events that he had set in motion. The defense of withdrawal is
(continued...)

-5-

We agree with the district court that recantation under § 1623(d) was not a defense available to McMahon.

C. Conjunctive or disjunctive nature of § 1623(d) requirements

Circuits that have considered the question are split on whether the requirements of § 1623(d) are conjunctive or disjunctive. [2] We have not previously considered this question in this circuit. It is unnecessary to decide which position we would take, however, because for the reasons we have stated McMahon does not come within the ambit of § 1623(d).

---

[1](...continued)
available in conspiracy cases. See, e.g., United States v. Hughes, 191 F.3d 1317, 1321 (10th Cir. 1999), cert. denied, 120 S. Ct. 1427 (2000). McMahon does not argue that his attorney should have advised him concerning the withdrawal defense, however, and we do not consider whether withdrawal was available under the circumstances of this case.

[2] A majority of circuits that have considered this question hold that a defendant seeking to rely on the recantation provision of § 1623(d) must show both that at the time he recanted, the declaration had not substantially affected the proceeding and that it had not become manifest that the falsity had been or would be exposed. United States v. Sherman, 150 F.3d 306, 313-18 (3d Cir. 1998); United States v. Fornaro, 894 F.2d 508, 510-11 (2d Cir. 1990); United States v. Scivola, 766 F.2d 37, 45 (1st Cir. 1985); United States v. Scrimgeour, 636 F.2d 1019, 1021-24 (5th Cir. 1981); United States v. Moore, 613 F.2d 1029, 1039-45 (D.C. Cir. 1979). The Eighth Circuit has held, by contrast, that these requirements are disjunctive, and that a showing by the defendant of either of them is sufficient to satisfy the statute. United States v. Smith, 35 F.3d 344, 345-47 (8th Cir. 1994).

2. **Ineffective Plea Bargaining**

McMahon next argues that his counsel was ineffective for failing to advocate for use immunity or to strike a better plea bargain based on McMahon's anticipated testimony against Sinclair. He contends that his attorney should have requested a continuance during the change-of-plea hearing in order to explore the government's need for his testimony against Sinclair and the benefits that should accrue to McMahon for providing such testimony.

A. Use immunity

McMahon received use immunity before he testified. This being the case, he fails to show prejudice from his attorney's failure to request such immunity at the time he changed his plea.

B. Other benefit

McMahon also claims that his attorney should have obtained some other benefit through the plea bargaining process, such as a lesser sentence, in exchange for his testimony. The district court found that any attempt by McMahon's counsel to obtain such a benefit would have been entirely futile. We review this factual finding for clear error. United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998).

McMahon has failed to demonstrate that the district court's finding was clearly erroneous. McMahon solicited the false testimony, and the government

indicates it was reluctant to bargain with him at all.  McMahon received significant benefits by pleading guilty, including a sentence that ran concurrently with, rather than consecutively to, his prior sentence on the firearms conviction. We conclude that he has failed to show a debatable issue concerning whether his attorney was ineffective for failing to seek a further benefit for him in exchange for his testimony. [3]

## SENTENCING ISSUES

1. **Failure to argue for downward departure**

The district court granted McMahon a two-point reduction under USSG § 3E1.1(a) for acceptance of responsibility.  Even with this reduction, the guideline range for McMahon's offense exceeded the statutory maximum penalty

---

[3]    McMahon cites  Dillon v. Duckworth , 751 F.2d 895 (7th Cir. 1984) for the proposition that his attorney should have sought an additional benefit for his testimony.  In that case, the Seventh Circuit stated, "Certainly failure to initiate plea-bargaining negotiations is not always error, but in a case in which the State would prefer the defendant's testimony at an accomplice's trial, defense counsel's failure to explore the possibility is inexplicable."    Id. at 901.  We distinguish Dillon from this case, for several reasons.  First, the petitioner's complaint in Dillon was that his attorney did not initiate plea bargaining at all, whereas in this case McMahon merely complains of the result achieved through plea bargaining. Second, Dillon was a death penalty case in which counsel himself admitted that he had been ineffective due to personal problems.  Third, as noted, McMahon has failed to show that the state wanted his testimony badly enough to give additional consideration for it at the time he entered his guilty plea.

of five years available under 18 U.S.C. § 371.  Accordingly, the district court

sentenced him to the statutory maximum sentence of five years.

Section 5G1.1(a) of the Guidelines provides that "[w]here the statutorily

authorized maximum sentence is less than the minimum of the applicable

guideline range, the statutorily authorized maximum sentence       shall be  the

guideline sentence" (emphasis added).  "[A]djustments no longer are relevant

once § 5G1.1(a) applies to render the statutory maximum sentence the guideline

sentence."   United States v. Rodriguez   , 64 F.3d 638, 641 (11th Cir. 1995).  The

district court thus followed the guidelines by giving McMahon a sentence equal to

the statutory maximum.

McMahon argues, however, that his attorney should have argued for a

discretionary downward departure.    [4]  He contends that this five-year sentence gave

him no benefit for acceptance of responsibility.  At least one circuit has

authorized a departure from a statutory maximum sentence that was already less

than the guideline range in order to give credit for acceptance of responsibility

under similar circumstances.    See Rodriguez , 64 F.3d at 643.

---

[4]      The Commentary to § 5G1.1 provides the following example: "[I]f the
applicable guideline range is 51-63 months and the maximum sentence authorized
for the offense of conviction is 48 months, the sentence required by the guidelines
. . . is 48 months."  In such a case, "a sentence of less than 48 months would be a
guideline departure."    Id. ; see also  United States v. Wilkinson    , 169 F.3d 1236,
1239 (10th Cir. 1999).

The district court rejected McMahon's request for departure for two reasons. First, it found that there was no authority comparable to Rodriguez in this circuit that would authorize a downward departure. Second, it stated that it did not believe McMahon's circumstances justified a departure.

A district court's refusal to depart from the guidelines is a discretionary decision that cannot be appealed. United States v. Coddington, 118 F.3d 1439, 1441 (10th Cir. 1997). If the district court unambiguously states it lacks the authority to depart from the guidelines in a particular case, however, we can review that decision de novo. United States v. Mitchell, 113 F.3d 1528, 1534 (10th Cir. 1997).

Assuming, based on its reference to lack of circuit authority, the district court was ambiguous regarding its authority to grant a departure, that ambiguity is not enough for this court to review its decision. The district court must unambiguously state it lacks authority to downwardly depart before we will review the decision not to depart. See United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994). There is no such unambiguous statement here.

Had this issue been brought on direct appeal from sentencing, we would therefore have lacked jurisdiction to review the district court's determination.

-10-

This being the case, McMahon has failed to make a substantial showing that his attorney was ineffective in failing to request such a departure. [5]

## 2. **Failure to obtain § 3E1.1(b)(2) reduction**

In our decision in McMahon's direct appeal, we determined that he was not entitled to an additional one-point adjustment for acceptance of responsibility under USSG § 3E1.1(b). McMahon now argues that his attorney was ineffective in failing to fulfill McMahon's intention to plead guilty early enough in the case to obtain the additional one-point adjustment. Even if McMahon had received the adjustment, however, it would not have lowered his offense level sufficiently to obtain a sentence below the maximum statutory sentence he received. See United States v. McMahon, No. 95-5168, 1996 WL 422044, at **1 (10th Cir. July 26, 1996) (unpublished disposition, cited here as law of the case). Therefore, McMahon cannot show prejudice from the claimed error of counsel.

---

[5] McMahon ties this claim to an alleged violation of Fed. R. Crim. P. 32(c)(3)(A), contending that he was deprived of a reasonable opportunity to read and discuss the presentence report prior to his sentencing hearing. Since this claim stands or falls with his argument about his attorney's failure to request a departure, and he raises no other basis for concluding that any Rule 32 violation prejudiced him, he also fails to make a substantial showing of a constitutional violation as to his Rule 32 argument.

3. **Failure to appeal district court's failure to advise McMahon of Consequences of Supervised Release**

Finally, McMahon argues that his counsel on direct appeal should have contested the district court's failure to advise him completely of the effect of his term of supervised release. See Fed. R. Crim. P. 11(c)(1) (stating district court, before accepting plea, must advise defendant of "the effect of any . . . supervised release term"). Specifically, he contends that the district court should have told him that if he serves his full five-year sentence in this case, and if he then violates the terms of his supervised release, he may be imprisoned during the remainder of the supervised release term and therefore serve a sentence of imprisonment that exceeds the initial five-year maximum.

An appellate counsel's performance is considered deficient and prejudicial to the defendant only if counsel fails to argue a "dead-bang winner;" that is, an issue which was obvious from the trial record and which would have resulted in reversal on appeal. United States v. Cook , 45 F.3d 388, 395 (10th Cir. 1995). The issue McMahon raises here fails to meet this criterion.

As the district court noted, McMahon's sixty-month term of incarceration, followed by a three-year supervised release term, runs concurrently with his 235 month, five-year supervised release term on the firearms conviction. The district court concluded that because of this concurrent term, there was no chance that the

period of supervised release would affect the length of time McMahon would serve.

McMahon advances the following, speculative scenario, however. Suppose, after he has been released from incarceration on both sentences and has entered his term of supervised release, his supervised release on the conspiracy sentence is revoked. This would result in an additional term of incarceration on that sentence, in excess of the maximum five-year sentence he received. Such term, he contends, would run consecutively to, rather than concurrently with, the supervised release for the firearms sentence.

We need not trouble ourselves long over this possibility. Rule 11(h) of the Rules of Criminal Procedure incorporates a harmless error concept. "We have construed this language as requiring the defendant show the knowledge of the omission or variance from Rule 11 would have changed his decision to plead guilty." United States v. Wright, 930 F.2d 808, 810 (10th Cir. 1991) (quotation omitted). As the district court noted, McMahon has failed to show that he would have chosen not to plead guilty had he been made aware of the consequences of the speculative scenario he raises. His issue therefore lacks merit.

McMahon has failed to make a showing on any of the issues he raises sufficient to obtain a certificate of appealability.  We therefore DENY COA and DISMISS this appeal.

Entered for the Court


Wade Brorby
Circuit Judge